ALEXANDER EMERSON v. CHARLES C. GARDINER.

FIRING WOODS, MARSHES, AND PRAIRIES; *Statute Construed.* Section two of the act to prevent the firing of woods, marshes and prairies, authorizes a recovery for any damage done by setting on fire any "woods, marshes, or prairies," irrespective of whether the act was negligently or willfully done; but where fires are set to other property the act must be done willfully, with a purpose to do injury, or must be the result of negligence, to hold the author thereof responsible.

*Error from Shawnee District Court.*

GARDINER brought suit against *Emerson* for " carelessly and negligently " burning up, destroying, and damaging plaintiff's property. Answer, a general denial. The action was brought in a justice's court, and appealed to the district court where it was tried at the June Term, 1868. The testimony showed that *Emerson* had raked into small heaps certain weeds and rubbish, and had set fire to them; that this was done on the inside of his inclosure, and on his cultivated ground; that a sudden wind coming up the fire spread beyond his control, and run over a large extent of prairie, destroying a large amount of his own and his neighbors' property. The district court, after reading and commenting upon all the provisions of chapter 102, Comp. Laws, 1862,[*] gave the jury among other instructions the following:

" It was the intention of the legislature to give a party under this statute a superior remedy to that which the common law afforded. Under the latter the plaintiff could not recover unless negligence or misconduct was shown on the part of the defendant or his servants, but under the statute he may recover when he proves to the satisfaction of the jury by the preponderance of the evidence that the defendant has set on fire any woods, marshes or prairies, so as thereby to occasion any damage to him, unless indeed it shall appear that the defendant fired against fire so as to protect his or her own property from being destroyed. The statute is broader in terms; it is both sharp

<hr>

[ * THIS act has been repealed, and is supplied by Ch. 118, Gen. Stat. of 1868. Sec. 2 of the latter act is substantially the same as § 2 of Ch. 102, Comp. Laws.—REPORTER.]

and decisive; and there is no alternative left for the court but to apply it as it is written in the statute book.

"It should be carefully borne in mind that the language of the statute is: 'If any person shall set on fire any woods, marshes or prairies, so as thereby to occasion any damage to any other person;' and its terms must not be enlarged beyond the terms *woods, marshes or prairies.* The main question in this case is, not whether there be negligence or misconduct on the part of the defendant in the premises, but whether he set on fire any prairie so as thereby to occasion any damage to this plaintiff. 'Prairie' is defined by Webster to be 'an extensive tract of land, mostly level, destitute of trees and covered with tall grass.' Hence if the jury find from the preponderance of the evidence that the defendant set on fire any prairie upon his own land, other than for the purpose of firing against fire so as to protect his property from being destroyed, that such fire communicated to plaintiff's premises, that the plaintiff's property was thereby injured or burned up, that the plaintiff was without fault on his part, then you will find for the plaintiff. And the jury are to determine this case without reference to the question whether the particular place where the fire is alleged to have been set out, was or was not inclosed at that particular time. It is not essential to enable the plaintiff to recover that the alleged prairie charged to be fired by the defendant should have been open, vacant prairie land. It is sufficient if it was prairie land covered with grass, weeds or stubble, and that these materials, or either of them, were set on fire by the defendant under the circumstances hitherto spoken of by me."

The jury found for the plaintiff, and assessed his damages at $215. New trial refused, and *Emerson* brings the case here by petition in error.

*Martin & Burns* for plaintiff in error:

1. The plaintiff seeks to recover for an alleged careless and negligent burning and destruction of property. But the court below treated the action and tried the same upon the theory that the action was brought under § 2 of "An act to prevent the firing of Woods, Marshes, and Prairies," approved February 16th 1860; Comp. Laws, p. 567. We think this was error. There is a material difference between the alleged cause of

action set out in the petition, and a cause of action founded on § 2 of said statute. The gist of the action is *negligence*, and the court below erred in not giving the jury the instructions asked by plaintiff in error, (which were the counterpart of those given,) and as a consequence erred in the instructions which were given. 8 Johns., 421; 8 Cow., 175; 1 Denio, 91; 2 N. H., 539; 8 Penn. St., 366; 16 Mo., 508; 3 Iowa, 81; 8 Wis., 257.

2. The jury were told that "the main question is not whether there be *negligence* or *misconduct* on the part of the defendant," but whether he set on fire *any prairie*. The court says—

" It is not essential to enable the plaintiff to recover, that the *alleged prairie charged to be fired by the defendant* should have been open vacant prairie land. It is sufficient if it was prairie land covered with grass, weeds or stubble, and that these materials or either of them were set on fire," etc.

After this last instruction there was no alternative left for the jury but to find a verdict for the plaintiff. They were told most emphatically that the defendant was *charged* with "firing prairie." This was not true in substance or in fact. Not a word is said in the petition about firing prairie. But in order to leave no room for escape the jury was told " that setting fire to weeds or stubble on prairie land was setting fire to prairie."

We claim that it was lawful for the plaintiff in error to burn the potatoe vines and rubbish on his field, to prepare it for cultivation, or to gather his crops growing thereon; and that he is not liable for any accident which might happen unless he acted in a negligent or improper manner in the burning thereof. 7 Kas., 380; 8 Wis., 257; 16 Mo., 508; 17 Johns., 92.

The opinion of the court was delivered by

KINGMAN, C. J.: In this case the petition is as follows: " Said plaintiff Charles C. Gardiner complains of said defendant, and says that on the 31st of October, 1867, said defendant did carelessly and negligently, and without the fault of said plaintiff, burn up and destroy and damage the following prop-

erty of said plaintiff: 30 tons of hay, of value $4 per ton, $120; 320 rods post-and-rail fencing, of value $1 per rod, $320; 20 acres growing timber, damage $10 per acre, $200—total, $640. Wherefore plaintiff prays judgment for the sum of $300 against defendant." To this petition defendant answered with a general denial.

By the common law there was no redress unless the person who set the fire did so for the purpose of injuring the property of another, or was guilty of negligence in setting the fire, or in not preventing it from spreading beyond his own land. Willfulness or negligence were essential elements in the act, and without one or the other there could be no recovery. To remedy this inconvenience was the object of section 2 of chap. 102 Comp. Laws, which is as follows:

"Sec. 2. If any person shall set on fire any woods, marshes or prairies, so as thereby to occasion any damage to any other person, such person shall make satisfaction for such damage to the party injured, to be recovered in an action."

This section is purely remedial. It does not abrogate the rule of the common law, but in a certain class of cases therein mentioned substitutes another test of liability in which neither willfulness nor negligence form a necessary element. A party aggrieved may seek his remedy either under the statute or under the common-law rule, and probably both at the same time in the same action. If fire is set to woods, marshes, or prairies, then there can be a recovery under the statute, and the test of liability will be, did the defendant set the fire. If fire is set to anything else, then there is added the question of willfulness or negligence.

The pleader in this case evidently drew the petition with reference to the common-law, though the third and last item in his petition may and probably does properly constitute a charge under the statute. But the first two are not in anywise acts under the statute. The injuries alleged are not to "woods, marshes, or prairies." Nor is the injury alleged to be the result of fires set to woods, marshes, or prairies. The instructions of the court below are given upon the theory that the

petition is wholly drawn under section two above quoted, and therein are fatally erroneous. The instructions are not a correct guide to the jury to decide the issues they were to try; for they totally exclude the elements of negligence or willfulness from the consideration of the jury, not only as to the third item in the petition but as to the other two. This general error pervading the instructions it is not necessary to examine them in detail. The judgment is reversed and a new trial awarded.

All the Justices concurring.