## ANDREW JARRETT v. MONROE APPLE.

FIRING PRAIRIE; *Damages; Remedy.* Where a petition is filed to recover damages from a defendant setting on fire a prairie, so as thereby to occasion damage to another person, the plaintiff may recover under § 2, ch. 118, Comp. Laws of 1879, if the petition is otherwise sufficient thereunder, although in addition it is stated therein that the person setting out the fire did so willfully and intentionally, and also negligently and carelessly watched and tended the same. A party aggrieved from a fire set to a prairie may seek his remedy either under the statute or under the common-law rule, and both at the same time, in the same action. (*Emerson v. Gardiner,* 8 Kas. 452.)

*Error from Cherokee District Court.*

ACTION by *Apple* against *Jarrett,* commenced September 15, 1881. The petition is as follows (court and title omitted):

"Now comes the plaintiff, Monroe Apple, and for his cause of action against the defendant, Andrew Jarrett, complains and alleges:

"*First.* That the plaintiff was on the 5th day of September, 1881, and ever since has been, and now is the owner of the following-described real estate, situate in Cherokee county, Kansas, to wit: The west half of the southeast quarter of section twenty-three, in township thirty-four, south, of range twenty-three, east of sixth principal meridian, on which there were, until the acts hereinafter complained of were done by defendant, a stable and granary, of the value of twenty-five dollars; eighty rods of hedge, of the value of one dollar per

rod; and four hundred rods of hedge, of the value of fifty cents per rod; seventy-five cherry trees, of the value of two dollars and fifty cents each; raspberry and blackberry bushes of the value of ten dollars; and also two hundred and fifty bushels of wheat, of the value of one and twenty-five hundredths dollars per bushel; one hundred bushels of oats, of the value of sixty cents per bushel; and six tons of hay, of the value of three dollars per ton; belonging to said plaintiff, and of the aggregate value of seven hundred and ninety-three dollars.

"*Second.* That the defendant, Andrew Jarrett, willfully and intentionally, on or about the 5th day of September, 1881, set the prairie grass on fire on the land lying south of the land of this plaintiff above described, and so negligently and carelessly watched and tended the said fire that it came onto the plaintiff's said land and consumed and destroyed said stable, granary, hedge, cherry trees, blackberry and raspberry bushes, wheat, oats and hay, to the damage of the plaintiff in the sum of seven hundred and ninety-three dollars.

"Wherefore, the plaintiff prays for judgment against the defendant for the said sum of seven hundred and ninety-three dollars, and for costs of suit."

Trial at the October Term of the court for 1882, before the court with a jury. The jury returned a verdict for the plaintiff for $228. November 11, 1882, a motion for a new trial was filed by the plaintiff, upon the following grounds:

"*First.* That the said verdict is contrary to law.

"*Second.* That said verdict is contrary to the evidence.

"*Third.* Misconduct on the part of the prevailing party during the trial.

"*Fourth.* Misconduct on the part of the attorney for the plaintiff during the trial."

Motion overruled, and judgment for the plaintiff upon the verdict. The defendant excepted, and brings the case here.

*Cowley & Hampton,* for plaintiff in error.

*Coulter, Beall & Sherman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that as the petition charges carelessness and negligence upon the part of plaintiff in er-

ror, defendant below, the court erred in instructing the jury that the plaintiff in error, defendant below, could recover under § 2, ch. 118, Comp. Laws of 1879. With the charge of carelessness and negligence eliminated from the petition, there are sufficient allegations in the petition to allow a recovery under the statute; hence the court committed no error in that regard. "A party aggrieved may seek his remedy either under the statute or under the common-law rule, and probably both at the same time, in the same action." Section 2 of said chapter 118 is purely remedial. It does not abrogate the rule of the common law, but in certain classes of cases therein mentioned, substitutes another test of liability, in which neither willfulness nor negligence is a necessary element. (*Emerson v. Gardiner*, 8 Kas. 452.)

Complaint is next made of the instructions of the court. An examination of the record shows that no exceptions were taken to the instructions, or any of them, and in the motion for a new trial no error of law occurring at the trial is assigned. In this condition of the record, we cannot examine the record to ascertain whether the court committed any error in directing the jury. (*City of Wyandotte v. Noble*, 8 Kas. 444; *Norton v. Foster*, 12 id. 44; *Nesbit v. Hines*, 17 id. 316; *Fowler v. Young*, 19 id. 150.)

There is sufficient evidence in the case to sustain the verdict and judgment; and a new trial will not be granted where the testimony is conflicting, or the verdict is against a mere preponderance. (*K. P. Rly. Co. v. Kunkel*, 17 Kas. 145; *Harris v. Thompson*, 23 id. 372.)

The judgment of the district court will be affirmed.

All the Justices concurring.