# JULY TERM, 1906.

## PRESENT:

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ADRIAN L. GREENE,
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,          } JUSTICES.
Hon. SILAS W. PORTER,
Hon. CHARLES B. GRAVES,

## P. A. JOHNSTON v. JOHN MARRIAGE, JR.
### No. 14,340.    (86 Pac. 461.)
#### SYLLABUS BY THE COURT.

1. DAMAGES—*Setting out Fire—Statutory Remedy—Proof.* Disregarding the element of negligence, no recovery can be had under the statute providing that "if any person shall set on fire any woods, marshes or prairies so as thereby to occasion damage to any other person, he shall be liable to the party injured for the full amount of such damage, to be recovered by civil action" (Gen. Stat. 1901, § 8010), except upon proof that a fire has been directly and intentionally set to woods, marsh or prairie.

2. —— *Petition—Opening Statement—Instructions.* Where a petition states a cause of action independent of such statute for damage occasioned by the negligent setting out of a fire, and instructions are given covering that aspect of the case, but the allegations of the petition are broad enough to support a recovery under the statute, independent of negligence, and the plaintiff in his opening statement and in his request for instructions describes the action as based upon the statute and asks that the jury be instructed that a recovery may be had irrespective of negligence, he cannot complain because the court also instructs that a recovery would be justified if the jury should find there had been a direct and intentional setting fire to the prairie, regardless of any question of negligence.

3. EVIDENCE—*Impeaching a Witness.* The rule that a litigant

ordinarily is not permitted to introduce evidence for the pur-
pose of impeaching his own witness forbids his attempt to
impeach a witness whom he himself first uses, notwithstand-
ing the same witness is afterward called upon to testify on
behalf of the adverse party.

Error from Kiowa district court; EDWARD H. MADI-
SON, judge. First opinion filed July 6, 1906. Affirmed.
Opinion denying a rehearing filed October 6, 1906.

*J. W. Davis,* for plaintiff in error.

*L. M. Day,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: P. A. Johnston suffered severe loss from
a fire which apparently originated upon or near the
premises of John Marriage and spread over a large
tract of country. He sued Marriage to recover com-
pensation, alleging that his injury was occasioned by
Marriage's having "negligently and carelessly set fire
to the dry grass of the prairie" while engaged in char-
ring posts. A jury trial was had, which resulted in a
verdict and judgment for the defendant. The plaintiff
prosecutes error.

The court took the view that a recovery might be
had upon either of two theories, upon each of which he
gave full instructions: (1) That the defendant in per-
son or by his employees intentionally set fire directly
to the prairie; and (2) that the fire was occasioned by
the negligence of the defendant, whether or not it was
set to the prairie directly or otherwise. The plaintiff
complains of the giving of any instruction whatever
relating to a direct and intentional setting fire to the
prairie, claiming that no such issue was tendered by
the pleadings or involved in the case. It is true that
the petition, as appears from the statement already
made, was so drawn as to suggest a reliance upon proof
of an unintentional but careless starting of the fire.
But the allegations were broad enough to support a

14—74 KAN.

recovery under the statute relating to the firing of woods, marshes and prairies, for the averment of negligence may be treated as surplusage. (*Jarrett v. Apple,* 31 Kan. 693, 3 Pac. 571.) The statute reads:

"If any person shall set on fire any woods, marshes or prairies so as thereby to occasion damage to any other person, he shall be liable to the party injured for the full amount of such damage, to be recovered by civil action." (Gen. Stat. 1901, § 8010.)

To recover under this statute, disregarding the element of negligence, it is necessary to show a direct and intentional setting of fire to woods, marsh or prairie. "Of course, this 'setting on fire' must be the direct, intentional act of the defendant." (*Hunt v. Haines,* 25 Kan. 210, 213.) If the act is merely a negligent one, there is no occasion for its application. In such case the common law affords ample remedy. (*Emerson v. Gardiner,* 8 Kan. 452.) If the act is purely accidental no recovery can be had upon any ground. (*M. K. & T. Rly. Co. v. Davidson,* 14 Kan. 349.)

If the plaintiff had seen fit at the trial to rely wholly upon a claim of negligent conduct by the defendant he would doubtless have been entitled to insist that his petition should be construed accordingly. But in the opening statement to the jury made on his part the case was described as founded upon the statute, and instructions were asked in his behalf to the effect that a recovery could be had apart from the question of negligence. By invoking the statute and by claiming a right to recover in the absence of negligence plaintiff invited instructions based upon the theory of a direct and intentional setting fire to the prairie, for that is the only character of act to which the statute applies, where negligence is not relied upon, and he cannot now contend that no such issue was involved.

Criticisms are made of specific instructions as not correctly stating the law of negligence. The instructions so complained of, however, had relation to the

case viewed as an action on the statute irrespective of negligence, and the two aspects of the matter were separately and distinctly stated, so that no confusion was likely to result. Other instructions are objected to as having no support in the evidence, but upon an examination of the whole record we conclude that these objections are not well taken.

Complaint is made that the court in one instruction, in defining reasonable care in the handling of fire, omitted to refer to the circumstances under which it was claimed that the fire was started. This feature might well have been incorporated in the instruction, but it cannot be said that its omission was material error, especially as the record does not show that it contains all the instructions that were given. This consideration also makes it unnecessary to examine an assignment of error with regard to instructions which were asked by the plaintiff and refused by the court.

Error is assigned with regard to the rejection of documents offered by the plaintiff to show his right or title to a part of the lands over which the fire extended. If there was any error in these rulings it was not material, since the evidence only went to the extent of the plaintiff's damage and he failed of any recovery whatever. There was no substantial denial that he had suffered great loss by the fire. Complaint is also made of the exclusion of the testimony of a witness offered in rebuttal, and of a comment made by the court upon an answer given by another witness. No substantial prejudice appears to have resulted to the plaintiff, however, from either incident.

The only remaining specification of error requiring discussion relates to an attempt made by the plaintiff to impeach one T. M. Ellsworth, a witness called by the defendant, by showing that he had made a statement out of court inconsistent with his testimony. This witness was originally called by the plaintiff. He was an employee of the defendant, both when the fire occurred

and at the time of the trial. There is nothing in the record, however, to indicate that this circumstance affected either his manner upon the stand or what he there said, or that the plaintiff was misled by him. He told, at the instance of the plaintiff, what he knew of the occurrences on the day of the fire, but showed no personal knowledge as to how it originated. Later he was called by the defendant and went over much of the same ground, giving additional particulars as to physical conditions observed by him before, during and after the fire. On cross-examination he was asked if he had not at a time and place specified told two persons that Marriage had been charring posts and had let the fire get out. He answered that he had not. Upon rebuttal the plaintiff produced these two persons and offered to show by them that Ellsworth had made such a statement to them. An objection to the offer was made by the defendant, and the court sustained the objection. This ruling is the one involved in the specification of error now under consideration. Manifestly the evidence offered was incompetent except as it might be deemed admissible for the purpose of impairing the credibility of Ellsworth—that is, of impeaching him. The question is therefore presented whether a litigant who first uses a witness may afterward attempt to impeach him if in the meantime he has been called upon to testify in behalf of the adverse party. This question is considered in Wigmore on Evidence, where the whole subject of the impeachment of witnesses is discussed historically with the painstaking thoroughness, and in the light of reason with the discriminating insight, characteristic of that work. The conclusion is there reached that the usual rule which forbids a party to impeach his own witness operates to prevent an attempted impeachment by one who has first used a witness notwithstanding the opposite party afterward calls him. (2 Wig. Ev. § 913.) The rule referred to is enforced in this state where there

are no special circumstances which would make its application work an injustice. (*The State v. Keefe,* 54 Kan. 197, 38 Pac. 302.) No such circumstances are here shown. We think that for the purpose of this rule Ellsworth was to be deemed the plaintiff's witness, and that it was not error for the court to refuse to admit the impeaching evidence. The judgment is affirmed.

All the Justices concurring.

---

OPINION DENYING A PETITION FOR A REHEARING.
(87 Pac. 74.)

The opinion of the court was delivered by

MASON, J.: In the opinion heretofore written in this case it was stated that the record did not show that it contained all the instructions that were given, and two assignments of error were disposed of wholly or in part upon this ground. In a motion for a rehearing the plaintiff in error contends that although an express recital to that effect is wanting a fair inference can be drawn from the record that it does contain all the instructions, and this contention proves to be correct. The assignments involved have therefore been re-examined in the light of this fact.

The other arguments presented in the motion, especially those with regard to the rejection of certain evidence, have also been carefully considered, and the conclusion is reached that while the questions discussed are not free from doubt no such error is shown as to justify a reversal of the judgment. The motion is accordingly denied.

All the Justices concurring.