J. D. HOPKINSON *et al.* v. M. CONLEY.

No. 14,823    (88 Pac. 549.)

SYLLABUS BY THE COURT.

1. TRESPASS—*Bill of Particulars.* The most liberal interpretation should be given a bill of particulars in a trespass case before a justice of the peace.

2. PRACTICE, SUPREME COURT—*Immaterial Errors in Procedure.* This court is required by statute to look beyond defects and errors in pleadings and proceedings to ascertain if they in fact affected the substantial rights of the party complaining of them.

Error from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed January 5, 1907. Affirmed.

*Dennis Madden,* for plaintiffs in error.

*Ganse & Hannen,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: In an action brought before a justice of the peace the plaintiff recovered damages for the value of a quantity of unshucked corn injured and destroyed

5—75 KAN.

by trespassing cattle belonging to the defendants. Upon appeal by the defendants to the district court the plaintiff was again successful, the jury returning a verdict in his favor for $24.75. The defendants prosecute this proceeding in error, claiming the case was tried upon a theory not presented by the plaintiff's pleading and that a counter-claim was wrongfully rejected.

The plaintiff was not required to plead anew in the district court. The bill of particulars brought up from the justice of the peace alleged, in connection with other facts essential to recovery, that the defendants deliberately and wantonly drove their cattle to graze upon the plaintiff's standing corn. It also contained a recital of facts sufficient to support a statutory action for damages and a lien under the herd law; and besides these two classes of allegations it stated that the cattle had been herded by the defendants on a tract of land adjoining and in the same enclosure with the plaintiff's field of standing corn, that the cattle "were permitted to trespass" on the corn-field by direction of the defendants, and that the defendants knew the cattle were trespassing on the field and damaging the corn.

No objection was made to this pleading, and no motion was made to compel the plaintiff to elect some one of the various theories of liability which it presented.

In opening the case to the jury the plaintiff abandoned his statutory cause of action, abandoned the charge of a wilful trespass, and founded his right to damages on the third state of facts referred to. The full statement of the plaintiff's rights and of the defendants' wrong-doing was as follows: The plaintiff sold to the defendants a field of corn-stalks; on one side of the field the corn had not been husked; plaintiff was to husk the corn as soon as he could; defendants herded their cattle on the part of the field from which the corn had been removed; before plaintiff could finish husking the defendants withdrew their herder, and the cattle then went upon the portion of

the field where corn remained and destroyed it.  The case was tried out and the jury were instructed on the theory of a negligent trespass.

Because the herd-law and wilful-trespass features of the bill of particulars are clearly expressed the defendants insist it contains nothing else.  If, however, those allegations were eliminated, the pleading would still contain a very weak and somewhat obscure foundation, but still a foundation, upon which to predicate the opening statement and the evidence supporting it. Following the well-understood rule that technical precision is not required in pleadings filed before a justice of the peace, that the most liberal intendment must be conceded to them, that the fine line of distinction between "trespass" and "case" need not be drawn, and that a bill of particulars should be upheld if a cause of action can be discovered in it, although stated in the loosest, most indefinite, disconnected and general manner, it must be allowed that the plaintiff's pleading contained the cause of action upon which he relied for recovery.

It is true a pleading ought to be framed upon a single, definite theory.  If, however, it should proffer several, the defendant may waive his right and undertake to meet them all.  (*Trust Co. v. McIntosh,* 68 Kan. 452, 75 Pac. 498.)  If, before the pleading is assailed, the plaintiff should elect to abide by some one of the various theories which it presents, the defendant has no cause to complain, and the plaintiff then has the right to proceed according to the interpretation which he has adopted.  (See *Johnston v. Marriage,* 74 Kan. 208, 86 Pac. 461.)

If it be conceded that the rules of procedure have been violated in this case the judgment cannot for that reason alone be overturned.  The legislature has enjoined upon this court the duty of looking beyond defects and errors in pleadings and proceedings to ascertain if they did in fact affect the substantial rights of the party complaining of them.  Fixed rules are to

be observed and enforced, but not merely for the purpose of vindicating them. Harm must result from a wrong decision or it cannot be reversed.

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (Code, § 140; Gen. Stat. 1901, § 4574.)

An examination of the record discloses that the controversy finally turned upon the character of the plaintiff's right and not upon the character of the wrong committed by the defendants. The meritorious question was whether the plaintiff was to husk his corn as soon as he could, with due diligence, or whether all corn unhusked after February 1 went with the stalks to the defendants. There was no dispute that the cattle got into the corn on February 12, and no substantial dispute as to the circumstances of the invasion. There was practically no conflict in the evidence bearing upon the plaintiff's diligence and the defendants' negligence, if the corn belonged to the plaintiff. The real defense was that the plaintiff agreed to abandon all corn which was not removed by February 1. This matter was fully and fairly tried. The defendants appear to have been fully prepared to meet the plaintiff at all points. No continuance was asked. Apparently all the witnesses to the contract and with knowledge of the facts of the controversy were produced and gave their testimony. The defendants did not indicate to the district court, and do not now indicate, that they have anything further to offer on the merits of the case. No trial error is pointed out. The jury found for the plaintiff, both by a general verdict and by answers to special questions, none of which is complained of. If an error were originally committed respecting the pleadings the substantial rights of the defendants have not been impaired. A prolongation of the controversy to enforce correct rules governing the pleading of trespass

before a justice of the peace would be to make litigiousness of more virtue than the doing of substantial justice between the parties.

The special findings of the jury having destroyed all basis for the defendants' counter-claim, the refusal of the court to investigate the character and amount of it is no longer a matter of consequence. The defendants, however, have the right to add the amount of the counter-claim to the amount of the verdict against them to bring the case within the jurisdiction of this court.

The judgment of the district court is affirmed.