EMILY M. GRAY v. DENNIS D. DOTY.

No. 15,416.   (94 Pac. 1008.)

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment—Replevin.* It is within the reasonable discretion of a trial court to allow a petition in replevin based upon a claim of general ownership to be amended by setting up a claim of special ownership under a pledge to secure the payment of a debt.

2. ———— *Departure.* A motion for judgment for the defendant and for a return of the property, because of the alleged departure in the amended petition from the cause of action stated in the original petition, was properly denied.

3. PRACTICE, SUPREME COURT—*Conclusiveness of Findings—Conflicting Evidence.* The jury having found the issues for the plaintiff in answer to special questions and by the general verdict, approved by the trial court, the judgment thereon cannot be reversed merely because there was some conflict in the evidence concerning the possession of the property by the pledgee.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed March 7, 1908. Affirmed.

*Milton Brown,* and *Thompson & Cone,* for plaintiff in error.

*W. R. Hopkins,* and *R. J. Hopkins,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: Amos R. Jessup, sheriff of Finney county, levied upon a locomobile, as the property of R. E. Gray, under an execution issued out of the district court in an action wherein Emily M. Gray was plaintiff and R. E. Gray was defendant. Dennis D. Doty thereupon replevied the locomobile in an action wherein he alleged that he was the owner and entitled to the possession of the property. The sheriff and Emily M. Gray filed an answer. More than two years

after the commencement of the action the plaintiff was allowed to file an amended petition and affidavit in replevin, in which he set up a special ownership in the property instead of a general ownership, as first alleged. Answers were filed to the amended petition, and the cause continued until the next term, at which time, the action having been dismissed as against the sheriff, the defendant, Emily M. Gray, moved for judgment in her favor and for a return of the property, upon the grounds that under the original petition Doty claimed the property as owner and by his amended petition admitted that he was not the owner, and that the claim upon which he secured possession was not true. This motion was denied. The cause was then tried upon the amended petition, resulting in findings and a judgment for the plaintiff, Doty. The defendant, Emily M. Gray, brings the case here.

The amended petition averred that the plaintiff was in the possession of the property under a pledge thereof, made by R. E. Gray to secure the payment of $731 loaned by the plaintiff to R. E. Gray for the purchase of the locomobile, and used for that purpose. The real question to be tried was whether the plaintiff held the possession of the property in good faith as such pledgee at the time of the levy thereon. The abstract does not show any exception to the order allowing the amended petition to be filed, and the first ruling complained of to which an exception was taken is the order denying the motion for judgment, based on the alleged departure in the amended petition from the case presented in the original petition. It was within the discretion of the court to allow the amended petition to be filed (*Kennett v. Peters*, 54 Kan. 119, 37 Pac. 999, 45 Am. St. Rep. 274), and certainly no complaint can be properly made of that order, in the absence of any exception or any motion to strike the pleading from the files. An answer was duly filed setting up the defendant's claim under the levy upon the execution. Issue having been thus joined upon the claim of the plaintiff as

pledgee in possession and of the defendant under the execution, there was no error in overruling the defendant's motion for judgment.

Objection was made to the introduction of any evidence under the petition, on the ground that the amended petition was filed more than two years after the levy of the execution. As the suit was commenced in due time, this objection was properly overruled.

Error is also predicated upon the refusal of the court to give instructions requested by the defendant. Twenty-one separate instructions were presented. Many of these were fairly included in the instructions given by the court, and those that were not so included were properly refused. The instructions given clearly stated the issues and the rules of law applicable thereto. The rules pertaining to the rights of a pledgee were accurately given. The jury were informed that the main question for consideration was whether R. E. Gray pledged the locomobile to the plaintiff, Doty, and whether it was so held by him as pledgee at the time of the levy. The court instructed the jury concerning a pledge as follows:

"You are instructed that a pledge is defined to be a deposit of personal property as security for a debt, to be kept by the creditor until default or until the debt is discharged. And to constitute a pledge there must be an actual delivery of possession to the pledgee, and to preserve this pledge he must retain possession. An actual delivery of the property to the pledgee is essential."

This was correct. (*Raper v. Harrison,* 37 Kan. 243, 15 Pac. 219.) Instructions were also given to the effect that good faith was essential to support a pledge, and that the burden was upon the plaintiff to show that the property was delivered to him in good faith prior to the levy and upon sufficient consideration, as claimed, and the rights of the defendant as an execution creditor were carefully presented in the instructions given.

Special findings were returned in answer to ques-

Gray v. Doty.

tions presented by both parties. The defendant moved for judgment on these findings, and the denying of this motion is also alleged as error. From these findings it appears that R. E. Gray purchased the locomobile in Chicago; that upon its delivery in Garden City the possession was turned over to Mr. Doty, who remained in the actual and continuous possession thereof until it was taken from him by the sheriff under the execution; that R. E. Gray became the owner of the locomobile when he so purchased it; and that it was so placed in the possession of Doty as security for the payment of $625 owing by Gray to Doty, which had not been paid. There was no error in denying the motion for judgment on these findings. The jury having thus found the issues in favor of the plaintiff upon the evidence, under proper instructions, the general verdict in his favor in harmony with the special findings, approved by the trial court, cannot be set aside merely because there was some conflicting evidence as to the possession of the property for a part of the time. An examination of all the evidence satisfies us that it is sufficient to sustain the findings and verdict.

Errors are complained of in overruling challenges of jurors, in rulings upon the admission of testimony, in refusing to set aside certain special findings, and in various minor matters, but upon examining the record we are satisfied that no error was committed affecting the substantial rights of the defendant. (*Hopkinson v. Conley,* 75 Kan. 65, 88 Pac. 549; *Snider v. Windsor, ante* p. 67.)

The judgment is affirmed.