THE CITIZENS' NATIONAL BANK OF FORT SCOTT V. THE BANK OF COMMERCE *et al.*

No. 16,035.

SYLLABUS BY THE COURT.

1. PLEDGES—*Stock—Assignment and Delivery of Certificate— Change of Possession.* The assignment and actual delivery to another of a certificate of stock in a joint stock company, by the owner thereof, for the purpose of pledging the property represented by such certificate as collateral security for the payment of a debt of such owner, is sufficient to effectuate a change of the possession of such property from the owner to the holder of the assigned certificate when such property is not itself susceptible of delivery.

2. —— *Priority of Liens—Pledgee—Attaching Creditor.* In such a case the holder of the assigned certificate will have a right to the property, for the purposes of such pledge, superior and prior to the rights subsequently acquired by an attaching creditor.

3. —— *Trusts and Trustees.* A pledge to secure a debt may be made in trust to a third person for such purpose with the same effect as if made directly to the creditor.

4. —— *Record.* The law relating to the registration of chattel mortgages has no application to pledges.

Error from Neosho district court; JAMES W. FINLEY, judge. Opinion filed May 8, 1909. Reversed.

STATEMENT.

THIS action was commenced in the Neosho county district court by the Bank of Commerce to recover a balance due upon a promissory note which was executed by the other defendants in error. One of the defendants in the action, Edwin Erwin, was a non-resident of the state. The plaintiff caused an attachment to be issued against such defendant and had it levied upon his undivided interest in an oil-and-gas plant. The oil-and-gas plant was owned by several persons, who styled themselves the Chapple Oil Company, and were organized as a joint stock company. The contract of organization indicates how the original pro-

moters intended the property should be held by the stockholders. The provision relating to the capital stock, so far as material here, reads:

"(12) The amount of the capital stock of this company shall be one hundred thousand dollars, divided into one hundred shares of the par value of one thousand dollars each. The interest of each shareholder shall be evidenced by a certificate or certificates in denomination of one thousand dollars, or any multiple thereof, or in certificates representing one-half share, of the par value of five hundred dollars. Certificates shall be transferable by indorsement on the back thereof and delivery to the purchaser. When so indorsed and delivered the holder shall become and be entitled to all the rights and privileges of the original holder thereof and entitled to all the rights and privileges in said company, and the assets thereof, as fully and to the same extent as other certificate holders."

"(14) All persons receiving or holding certificates as hereinbefore provided, and their assigns and legal representatives, are to be deemed and considered members of this company as fully and to same extent as if they had signed these articles and subject to all of the conditions and liabilities and entitled to all the benefits and privileges thereof."

The defendant Edwin Erwin was the owner of twenty-five shares of stock in this company. The Citizens' National Bank of Fort Scott held a promissory note executed by Edwin Erwin, upon which there was due the sum of $12,871.20. To secure the payment of this note Erwin assigned and delivered his stock in the Chapple Oil Company to E. W. Minturn, in trust for the use and benefit of the Citizens' bank, as collateral security for the note. This assignment was made and delivered to E. W. Minturn prior to the commencement of the action in which the attachment was levied. The Citizens' bank set up these facts in this action in an interplea, to which a demurrer filed by the plaintiff bank was sustained. The interpleader prosecutes error.

*John H. Crane,* for the plaintiff in error.

*B. F. Shinn, J. B. F. Cates, James W. Reid,* and *John J. Jones,* for the defendants in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiff in error insists that the transaction in which the certificates were deposited with Minturn, in trust for the security of the interpleading bank, amounted to a pledge of the certificates, and gave a right to them superior to any which could thereafter be acquired by an attachment issued in a suit against the pledgor.

The Bank of Commerce claims that whatever right the Citizens' bank may have acquired to the certificates, its right to the tangible property represented thereby was inferior to the lien acquired thereon by an actual seizure thereof by a writ of attachment in favor of one who had no knowledge or notice of the pledge.

We understand that when personal property is pledged the pledgee acquires a right thereto which is superior to any right that can thereafter be given by the pledgor or be acquired by a subsequent attachment issued in an action against him. (22 A. & E. Encycl. of L. 867, 868, and notes; *Bank v. Harkness,* 42 W. Va. 156.) The assignment and delivery of the certificate constitutes a delivery of the property represented thereby. (22 A. & E. Encycl. of L. 856.) In the second edition of Jones on Pledges and Collateral Security, section 37, it is said:

"A delivery of a document of title, which serves to put the pledgee in possession of the goods, is equivalent to an actual delivery of them."

This question was discussed and authorities were collected in the case of *Bank v. Harkness,* 42 W. Va. 156. (See, also, *Continental Nat. Bank v. Eliot Nat. Bank,* 7 Fed. 369.) The great weight of authority

seems to be that this kind of delivery is sufficient to constitute a pledge. A completed pledge has the effect of depriving the pledgor of all control over the property, as far as the interest of the pledgee is concerned. He can neither sell nor encumber it so as to dispose of or impair the rights of the pledgee therein. It seems clear that what he can not do personally can not be done by a writ of attachment. Generally, the rule has been that an attachment takes only the interest which the owner has when the writ is levied. In our view, the interplea states substantially that the plaintiff's attachment was levied upon personal property of the defendant Erwin which was pledged to E. W. Minturn, and was then in the latter's possession and being held in trust as collateral security for the payment of a debt due from Erwin to the interpleader. These facts, if true, would be sufficient to give the interpleader a right superior to that of the attachment. The fact that the attachment creditor acted in good faith and without notice of the pledge is not important, as there is no law requiring pledges to be recorded. We conclude that the demurrer should have been overruled.

The judgment of the district court is reversed, with direction to overrule the demurrer to the interplea and proceed in accordance with the views herein expressed.