No. 26,076.

H. C. Whalen, *Appellee*, v. R. Maresch (E. O. Nichols et al., Defendants), *Appellant.*

### SYLLABUS BY THE COURT.

1. Appeal and Error—*Review—Failure to Produce Proffered Evidence.* A ruling rejecting proffered evidence is held not reviewable for want of a sworn showing of what it would have been.

2. Bills and Notes—*Appeal from Justice Court—Admissibility of Judgment Indorsement.* A note bore the indorsement "canceled in judgment," written by a justice of the peace on rendering judgment from which an appeal was taken, the case later being dismissed without prejudice by the district court. It is held that in a subsequent action on the note the court properly excluded this indorsement from evidence.

3. Justice of Peace—*Appeal to District Court—Admissibility of Justice Record.* In the action upon the note above referred to the court properly instructed that the record of the beginning of the action before the justice was admissible only to show such action was begun, and that the answer filed in the district court on appeal was not evidence of the matters it stated.

4. Witnesses—*Impeachment of One's Own Witness.* The rule is applied that a party who first makes use of a witness is not privileged to impeach his veracity because the adverse party also calls him to the stand.

5. Bills and Notes—*Holder in Due Course—Instructions.* The instructions upon the issue whether the plaintiff was a holder in due course of the note sued upon are held not to be materially erroneous.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed October 10, 1925. Affirmed.

*John W. Adams, William J. Wertz* and *George L. Adams,* all of Wichita, for the appellant.

*E. L. Foulke* and *James B. Nash,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Mason, J.: H. C. Whalen sued R. Maresch upon a negotiable note executed by him to F. V. Minter. A defense was made on the ground that the note was issued fraudulently and in violation of law, the payee not having a permit which was required by the blue-sky statute. The plaintiff claimed to be a holder in due course, and judgment in his favor was rendered on that theory. The defendant appeals.

1. The defendant complains of the rejection of testimony offered

1. Appeal and Error, 3 C. J. § 736; 4 C. J. § 1662. 2. Bills and Notes, 8. C. J. § 1355. 3. Evidence, 22 C. J. § 193; Justices of the Peace, 35 C. J. § 383. 4. Witnesses, 40 Cyc. p. 2561. 5. Bills and Notes, 8 C. J. § 1395.

by himself of statements made to him by an attorney who had formerly brought an action on the same note. The ruling is not reviewable, for while the offer was repeated at the hearing of the motion for a new trial, at no time was there presented any sworn statement showing what the testimony would have been if admitted. (R. S. 60-3004.) We do not regard the ruling as one that would require a reversal, however, if such a showing had been made.

2. A former suit was brought on the note by one L. H. Whiteman before a justice of the peace of Rush county, who rendered judgment for the plaintiff and indorsed upon the note the words "Canceled in judgment." An appeal was taken to the district court, where the case was dismissed without prejudice. The defendant offered the indorsement "to show this note was canceled, that there was a suit brought out there on it," and complaint is made of the refusal of the offer. The fact of the other suit having been brought was otherwise established, and inasmuch as the effect of the appeal from the justice was to set aside his judgment altogether, his indorsement of cancellation ceased to have any legal effect, and we see no purpose in its introduction in evidence.

3. The record of the beginning of the case in the justice court and the answer filed in the district court on appeal were admitted in evidence, with an instruction that the justice's record was to be considered only to show that Whiteman had brought an action on the note and at that time claimed to be its owner, and that the answer, which set out a violation of the blue-sky law, was not to be considered as evidence of the matters it stated. The defendant complains of these restrictions, but we see no error in them.

4. The defendant, having the burden of proof, introduced the first evidence, in the course of which he used Minter as a witness concerning the consideration for it and the lack of a blue-sky permit. The plaintiff also called Minter to the stand. On cross-examination the defendant asked him if he had been arrested in Rush county for the violation of the blue-sky statute. An objection to the question was sustained, and the ruling is assigned as error. By the ordinary rule the defendant, having been the first to use the witness, was not entitled to impeach him. (*Johnston v. Marriage,* 74 Kan. 208, 86 Pac. 461; 40 Cyc. 2561.) The defendant makes a further complaint in the same connection because of the refusal of an offer he then made to prove by the records that Minter had been convicted, upon a plea of guilty, of such a violation. This ruling

was correct for the further reason that an attempt to impeach a witness upon such ground is limited to inquiries made of him. (See cases cited in *The State v. McReynolds,* 118 Kan. 356, 359, 234 Pac. 975.) If the evidence was offered for any other purpose than impeachment its rejection could not have been prejudicial, inasmuch as the court explicitly charged the jury to return a verdict for the defendant unless they found the plaintiff to be a holder in due course.

5. Complaint is made of a number of instructions. The jury were told that possession of the indorsed note by the plaintiff was *prima facie* evidence of his being a holder in due course. That statement of the general rule has a proper place in outlining the manner in which the burden of proof shifts. It was unnecessary here and might well have been omitted, for the fact that the note was illegally issued was elsewhere in the charge treated as established. But no prejudice can have resulted from its presence, for an explicit instruction was given that the note on that account was defective within the meaning of the term as used in the negotiable-instrument statute, and the plaintiff to recover was required to prove by a preponderance of the evidence that he took the note in good faith and for value, without notice of infirmity in the instrument or defect in the title. Another instruction is an amplification of the statutory rule (R. S. 52-506) that to be chargeable with notice of infirmity or defect the plaintiff must have known such facts that his conduct amounted to bad faith. It included these statements, to which especial exception is taken:

"Knowledge of circumstances which ought to excite the suspicions of a prudent and careful man or put him on inquiry, or even gross negligence on the part of Whalen, will not affect his right to the note, unless the circumstances or suspicions are so forceful and obvious as to constitute bad faith in him in taking the note.

"Bad faith as used in these instructions means that the note was taken by Whalen with actual intention to mislead or deceive the makers of the note."

Whether the quoted expressions might in any case be objectionable need not be considered. We think they were not misleading here. The theory of the defense is that the plaintiff's holding of the note was collusive—a mere subterfuge for the benefit of Minter or Whiteman. The jury found in response to special questions that the plaintiff acquired the indorsed note before maturity as collateral security to a note of Whiteman, without knowledge of its consideration. They also found, directly against the testimony of the de-

fendant, that he had not seen the unindorsed note in the hands of Whiteman after its maturity. Objections which we do not find to be well taken are made to other instructions as not pertinent to the evidence and as giving undue prominence to certain facts.

The judgment is affirmed.