No. 27,314.

D. A. BAILEY, *Appellee,* v. HARRY PIERCE et al. (HARRY PIERCE, *Appellant*).

### SYLLABUS BY THE COURT.

1. CORPORATIONS—*Pledge of Stock—Rights of Pledgee as Against Judgment Creditor.* A pledgee to whom shares of corporate stock have lawfully been delivered to secure the payment of certain indebtedness due him by the owners of such stock has a right to such stock superior to that of a judgment creditor who sought to subject the stock to execution sale to satisfy a judgment indebtedness against the pledgors.
2. SAME—*Pledge of Stock—Necessity for Registration.* It is not necessary to the validity of a pledge of shares of corporate stocks that the pledgee should cause or require them to be transferred on the stock register of the corporation, nor that any memorandum thereof should be made on the books of the company.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed April 9, 1927. Reversed.

*George Gardner,* of Wichita, for the appellant.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was a proceeding in mandamus to compel the defendants, president and secretary of a corporation, to transfer certain stock on the books of their company.

Attachment, 6 C. J. p. 274 n. 81, 82. Corporations, 14 C. J. pp. 724 n. 71, 725 n. 79, 729 n. 37. Pledges, 31 Cyc. p. 811 n. 67, 70; 39 L. R. A. n. s. 889; 21 R. C. L. 657.

The circumstances were these: Deering J. Marshall and D. M. Hennessey were indebted to the plaintiff, D. A. Bailey. He sued them in the city court of Wichita and recovered judgment for $153. Marshall and Hennessey, the judgment debtors, owned seven hundred shares of stock in the Beacon Oil Company which they had deposited with Harry Pierce as pledgee to secure the payment of some eight promissory notes for $27,681.65 and interest, totaling approximately $29,500. The judgment creditor, Bailey, caused an execution to issue, and the marshal of the city court went through the verbal form of selling the seven hundred shares of stock so pledged to Pierce and in his possession; and Bailey, as the highest bidder, purchased the stock for $8.75, and when his demand that a transfer of the stock ownership be registered on the books of the corporation was denied, this action followed.

Pierce, the pledgee of the Marshall and Hennessey shares of stock, is also president of the Beacon Oil Company.

The pleadings developed no disputed issue of fact, and the trial court gave judgment for plaintiff. The journal entry of judgment discloses the basis of this judgment.

"At the time said Deering J. Marshall and D. M. Hennessey pledged to Harry Pierce the shares of stock in the Beacon Oil Company no transfer of said shares of stock was made, or shown on the books of the company, and that no notation of the pledge of said shares of stock was in anywise shown on the books of the company. . . .

". . . Before said shares of stock in the Beacon Oil Company were levied on as the property of Deering J. Marshall and D. M. Hennessey, said Deering J. Marshall and D. M. Hennessey had assigned and delivered said shares of stock to Harry Pierce, pledgee, to secure the said Harry Pierce in the advancement of large sums of money in excess of $30,000, which the said Harry Pierce had advanced to the said Deering J. Marshall and D. M. Hennessey, . . .

". . . until said shares of stock had either been transferred on the books of the corporation or until some notation had been made on the books of the company, that the pledge had been made, that attaching or execution creditors would have the first and prior right to said shares of stock, and that said shares of stock could and would be sold free from the lien of said pledge."

The defendant Pierce, pledgee, appeals.

Appellee seeks to vindicate the judgment by directing attention to our corporation statute which provides:

"The stock of any corporation created under this act shall be deemed personal estate, and shall be transferable only on the books of the corporation in such manner as the by-laws may prescribe. . . ." (R. S. 17-604.)

Bailey v. Pierce.

But this paragraph of the statute has to do with the transfer of ownership of corporate stocks (*Culp v. Mulvane*, 66 Kan. 143, 152, 71 Pac. 273; 14 C. J. 724), and does not attempt to regulate or change the common law rights of pledgor and pledgee of personal property. (Jones on Collateral Securities, 3d ed., § 372.)   The law of pledges is an interesting subject, but is so accessible to the studious that it is useless to treat of it here.   (See Jones on Collateral Securities, 2d. ed., § 1 *et seq.;* 31 Cyc. 779 *et seq.;* 21 R. C. L. 628 *et seq.*)

An effective and sufficient pledge of personal property is made by delivery from the pledgor to the pledgee, and could not readily be otherwise accomplished, and in the absence of a regulating statute, which is our situation, nothing further is required to perfect the right of the pledgee to hold the pledge against a judgment creditor of the pledgor or against an execution in such creditor's behalf. (*Raper v. Harrison*, 37 Kan. 243, 245, 15 Pac. 219; *Gray v. Doty*, 77 Kan. 446, 448, 94 Pac. 1008; *Atkinson v. Bush*, 91 Kan. 860, 139 Pac. 393; 5 R. C. L. 387.)

We have a just and logical rule of law in this jurisdiction to the effect that by no sort of process *in invitum* can a creditor lay hold of a larger interest in property than that which actually belongs to his debtor, and the court is not disposed to countenance an exception to that rule to the disadvantage of a pledgee of personal property.

In *Bank v. Bank*, 80 Kan. 205, 101 Pac. 1005, it was said:

"We understand that when personal property is pledged the pledgee acquires a right thereto which is superior to any right that can thereafter be given by the pledgor or be acquired by a subsequent attachment issued in an action against him. (22 A. & E. Encycl. of L. 867, 868, and notes; *Bank v. Harkness,* 42 W. Va. 156.)   The assignment and delivery of the certificate constitutes a delivery of the property represented thereby. (22 A. & E. Encycl. of L. 856.)   In the second edition of Jones on Pledges and Collateral Security, section 37, it is said:

" 'A delivery of a document of title, which serves to put the pledgee in possession of the goods, is equivalent to an actual delivery of them.'

"This question was discussed and authorities were collected in the case of *Bank v. Harkness,* 42 W. Va. 156. (See, also, *Continental Nat. Bank v. Eliot Nat. Bank,* 7 Fed. 369.) The great weight of authority seems to be that this kind of delivery is sufficient to constitute a pledge. A completed pledge has the effect of depriving the pledgor of all control over the property, as far as the interest of the pledgee is concerned. He can neither sell nor encumber it so as to dispose of or impair the rights of the pledgee therein. It seems clear that what he can not do personally can not be done by a writ of attach-

ment. Generally, the rule has been that an attachment takes only the interest which the owner has when the writ is levied." (p. 207. See, also, *Clare v. Agerter,* 47 Kan. 604, 28 Pac. 694; *First Nat. Bank v. Bradshaw,* 91 Neb. 210, 39 L. R. A., n. s., 886 and note; 14 C. J. 724; 6 Fletcher Cyclopedia Corporations, 6361 *et seq.*)

The judgment is reversed and the cause remanded with instructions to enter judgment for defendant.