No. 27,629.

W. J. STEWART, *Appellant*, v. JULIUS E. WRIGHT, *Appellee.*

(261 Pac. 581.)

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Amount in Controversy.* Plaintiff sued to recover $50. Defendant denied liability and sought to recover $117.98 on a counterclaim. The jury returned a verdict for defendant for $69.40. *Held,* plaintiff may add the amount of his claim to the amount of the judgment against him to bring the case within the jurisdiction of this court.

2. PHYSICIAN AND SURGEON—*Malpractice—Damages.* In an action for damages for malpractice there can be no recovery for damages which are not caused by the negligence proved.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed December 10, 1927. Reversed.

*Carroll Walker,* of Frankfort, *Ralph T. O'Neil* and *J. D. M. Hamilton,* both of Topeka, for the appellant.

*W. J. Gregg,* of Frankfort, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this case a physician sued to recover $50 on an account for professional services in treating defendant's minor son. Defendant answered, denying liability and alleging he was damaged in the sum of $117.98 by plaintiff's malpractice. The jury returned a verdict for defendant for $69.40. Plaintiff has appealed. Defendant moved to dismiss the appeal for the reason that the judgment is less than $100. (R. S. 60-3303.) But plaintiff has involved in the controversy the sum he sought to recover, plus the judgment against him. The amount of this exceeds $100. (*Hopkinson v. Conley,* 75 Kan. 65, 69, 88 Pac. 549.) The motion to dismiss is denied.

Plaintiff contends that his demurrer to defendant's evidence in support of his claim for damages should have been sustained for the reason, (1) that it proved no negligence of plaintiff, and (2) if such negligence was shown, the damages sought to be proved were not the

---

Appeal and Error, 3 C. J. p. 418 n. 92. Physicians and Surgeons, 30 Cyc. p. 1591 n. 7.

proximate result of such negligence. We think the second point is well taken and requires a reversal; it is not necessary, therefore, to determine the first.

The facts, substantially, are: Defendant's son, about nine years of age, was thrown from a horse and his arm was severely injured at the elbow, which was dislocated. He was taken to the office of plaintiff, a physician and surgeon, who had an X-ray machine in his office. Plaintiff examined the injury, set the elbow and bandaged it with splints, and the boy was taken home. He either saw the boy, or talked with one of his parents, each day for several days, when he concluded he ought to take an X-ray of the elbow, and the boy was taken to his office for that purpose. The first pictures did not develop well, and others were taken the next day. They showed there was something holding the joint open. Plaintiff was satisfied that there was a piece of the olecranon process back in the joint holding the bones apart. When plaintiff discovered that condition, he advised that the boy be taken to a hospital where he could be better treated than plaintiff was equipped to treat him. The parents took the boy to a hospital, where he was treated and a good recovery obtained. The damages proved were the expense of going to the hospital—car fare, hotel bills, the expense at the hospital, the surgeon's fee there, and the time of the boy's father in going with him. The negligence relied upon, and which the jury found in answer to special questions, was that plaintiff did not use his X-ray to determine the extent of the injury at, we presume, the first treatment, instead of several days later. Well, let us assume, without deciding, that this was negligence. How would that have reduced the expense of going to the hospital? There is no contention that plaintiff was negligent in advising that the boy be taken to the hospital. The evidence of the hospital surgeon is that the injury was no more difficult to treat at the hospital by reason of the fact that the patient did not reach the hospital until about ten days after the injury. Had plaintiff used the X-ray at the first treatment, and discovered then, as he did discover when he used it, that he was not equipped to treat it because of lack of proper facilities, and had advised that the patient be taken to the hospital, and had this been done, the car fare, time and other expenses would have been the same. Hence, the conclusion seems irresistible that the damages sought to be proved were not caused by the negligence of plaintiff in failing to use the X-ray earlier, if that was in fact negligence.

The judgment of the court below will be reversed, with directions to sustain plaintiff's demurrer to defendant's evidence in support of his claim for damages.