### JOHN H. COUCH v. WM. B. SHERRILL.

INDORSER; PROTEST; NOTICE; *Service of Notice; Sufficiency.* Before an indorser can be held upon a note, it must appear that sufficient notice of protest was duly served upon him; and a finding that a notice, the contents of which are unknown, was served, is not equivalent to a finding that a notice of protest, much less that a sufficient notice of protest, was served.

#### *Error from Bourbon District Court.*

SHERRILL, as plaintiff, brought suit and recovered judgment against A. Hawkins and W. I. Linn, as makers, and *J. H. Couch,* as indorser, upon a promissory note for $1,000, and interest, dated August 15th 1874, payable ninety days

after date.   The plaintiff had judgment at the April Term 1875.   Defendant *Couch* brings the case here on error.

*McComas & McKeighan*, for plaintiff in error, contended, that the necessary steps were not taken by the holder of the note at its maturity, to make the indorser liable for its payment.   The notary's certificate of protest was admitted in evidence.   What does it prove?   Simply, "a demand and refusal to pay at the time and the manner stated in such protest."   (Sec. 18, p. 117, Gen. Stat.)   There must be something more.   The indorser must have notice of this demand and refusal to pay, and be informed that the holder looks to him for payment.   This notice must contain a description of the note, an assertion that it has been duly presented to the maker and dishonored, and that the holder looks to the indorser for payment. (Story on Notes, § 348.)   The court does not find that any such notice was given.   In this matter the notary acts as agent for the holder, and he must see to it that proper notice is given.   For aught that appears from the findings of the court, the notice sent to Couch might have been about patent medicines.

*Harding & Buler*, and *John Martin*, for defendant in error, submitted, that the certificate of protest, which is very full, and regular, sets forth demand, refusal, and notice of protest, of *all* of which facts it is *prima facie* evidence sufficient of itself to charge the indorser by the common law, independently of any statutory provisions. 41 Maine 32; 36 N. H. 188; 1 Pars. Notes, 635, note *t*.   The finding of facts shows that notice of the protest of the note was placed by the notary in the post-office at Fort Scott, in an envelope, postage paid, directed to "J. H. Couch, City."   Notaries stand somewhat upon the same footing as mail carriers; so that all presumptions are in favor of the regularity of their official acts. 1 Pars. Notes, 480; id. 646, note *n*; 13 Kas. 462, 473.

The opinion of the court was delivered by

BREWER, J.: The plaintiff in error was indorser of a promissory note; and the only question in the case is, whether the findings show such notice of protest as will make him responsible to the holder. The testimony is not preserved, and the case stands alone upon the pleadings and findings. The only finding which bears upon the question of notice is this:

"4th. That upon the same day the said notary placed in the post-office in the city of Fort Scott, Kansas, in an envelope, postage paid, which envelope was addressed as follows: 'J. H. Couch, City,' a notice, the contents of which he does not remember."

Does this finding show notice of protest? and such a notice as will bind the indorser? We think not. It was the duty of Sherill, as plaintiff, and holder of the note, to prove that notice of protest was given to the indorser. There is no presumption in favor of the action of the notary, as official action, because it is no part of his duty as notary to serve notice. If he serve any notice, it is as agent of the holder, and not as notary. Hence, the finding as to notice is to be treated as though notice had been served by the holder. Now, what notice was served? Who can tell from these findings? It does not even appear to have been a notice of protest. It may have been, for all that the finding shows, as counsel for plaintiff in error suggest, a notice about patent medicines. We cannot presume that the notice given was a notice of protest, and also that it was a sufficient notice of protest to charge the indorser.

As the case stands upon findings of fact unquestioned by plaintiff or defendant, we must reverse the judgment, and remand the case with instructions to enter judgment upon the findings in favor of the plaintiff in error, defendant below.

All the Justices concurring.