THOMAS H. MALOTT *et al.* v. AMERICUS V. JEWETT.

PROMISSORY NOTE— *Cause of Action, not Stated.* Where a petition alleges that a certain promissory note was made by B., payable to the order of M. & Co., and by M. & Co. indorsed to J., and contains no allegation of demand of payment, or notice of nonpayment and protest, and no reason or excuse why payment was not demanded and protest made, such petition does not state facts sufficient to constitute a cause of action in favor of plaintiff, J., and against the defendants, M. & Co., or either of them.

MEMORANDUM.— Error from Dickinson district court; M. B. NICHOLSON, judge. Action by Americus V. Jewett against Thomas H. Malott and others to recover on a promissory note. Judgment for plaintiff, and defendants bring error. Reversed. The material facts are stated in the opinion, filed September 18, 1895.

*Stambaugh & Hurd*, for plaintiffs in error.
*John H. Mahan*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: This was an action brought by the defendant in error (plaintiff below) to recover

from the plaintiffs in error (defendants below) upon a certain promissory note indorsed by the said plaintiffs in error to the defendant in error.    The facts, in brief, are as follows :  Some time in 1882, or 1883, one John F. Baxter, (who was also a party to this action in the court below,) as principal, and John Johntz, (one of the defendants in error,) as indorser, were indebted to the defendant in error upon a certain promissory note which was also secured by a chattel mortgage on the personal property of the said Baxter. Malott & Co. held a second mortgage upon said personal property.    This note was not paid at its maturity, the indorser, Johntz, refusing payment on the ground that as it had not been presented for payment, nor protested for nonpayment, he was released from any liability thereon.    Some time afterward it was proposed that if Jewett would give further time, Baxter would give him three other notes for the amount then due upon the original note, and that Malott & Co. would indorse them.    This proposition was accepted, and thereupon Baxter drew his three notes, due respectively in 4, 8 and 12 months, payable to Malott & Co., and Malott & Co. indorsed the same, and delivered them to Jewett, who accepted them, and assigned and delivered to Malott & Co., the original note of Baxter and Johntz.    Two of the last-mentioned notes were paid, either before or at maturity ; payment on the third was refused by Malott & Co.    Upon this note, suit was brought, a trial had before the court, (a jury being waived,) and judgment rendered against Malott & Co. for the sum of $1,044.65, with interest at 12 per cent. per annum, and costs of suit ; no judgment being rendered against Baxter.

The pleadings in this case consist of the petition, answer, and reply.    Upon the trial of the cause, Ma-

lott & Co. objected to the introduction of any testimony under the petition, as to the defendants, Malott & Co., for the reason that the petition did not state facts sufficient to constitute a cause of action against Malott & Co., or any of them, and in favor of Jewett. The petition in this case·is simply one on a promissory note against Baxter as principal, and Malott & Co. as the indorsers, but fails to state that said note was presented for payment, or protested when due, or to state any reason or excuse why it was not, or that it was waived. The answer alleges among other things —

"That at the time the said promissory note, attached to said plaintiff's petition, became due and payable, it was not presented for payment on the day it was due, nor protested for nonpayment, and said defendants were thereby released from further liability."

Nor does the reply in any way aid the petition, it being as follows :

"Comes now the plaintiff, Americus V. Jewett, and for reply to the answer of Malott & Co., filed herein, says that he denies each and every allegation contained in said answer, which is contradictory to, or inconsistent with, his petition filed herein."

Now, this does not deny the allegation of the answer that the note was not protested. It merely denies such allegations as are contradictory to, or inconsistent with, the petition. The allegation of nonprotest in the answer is not contradictory to, nor inconsistent with, the allegations of the petition.

We think the objection of the defendants, Malott & Co., to the introduction of testimony should have been sustained ; in other words, that the petition filed in this cause does not state facts sufficient to constitute

a cause of action. There are numerous immaterial and surplus allegations in the petition and in the answer. With these stricken out, there is but one question in this case, viz. : Is there any liability upon the part of the defendants under the allegations of the petition? The law is well established in this state, that "before an indorser can be held upon a note, it must appear that sufficient notice of protest was duly served upon him." (*Couch v. Sherrill*, 17 Kas. 622 ; *Bradford v. Pauly*, 18 id. 216 ; *Braley v. Buchanan*, 21 id. 274 ; *Shelby v. Judd*, 24 id. 161 ; *Selover v. Snively*, 24 id. 672 ; *Swartz v. Redfield*, 13 id. 550 ; *Doolittle v. Ferry*, 20 id. 230.) This being necessary, it becomes material, and should be alleged in the petition, or some reason or excuse given therein why it was not so done, or that it had been waived. If raised in the first instance by the allegations of the answer, it should be controverted by the reply. We think, therefore, the objection to the introduction of testimony under the petition should have been sustained.

The judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.