AMERICUS V. JEWETT v. THOMAS H. MALOTT *et al.*

No. 11189.

1. PLEADINGS—*Amendment.* While the courts are liberal in permitting parties to amend their pleadings, they are not warranted in allowing amendments which substantially change the claim or defense previously relied on.

2. ———— *Promissory Note—Implied Trust.* The court did not commit error in refusing the amendment of an action upon a promissory note into an action upon an implied trust.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed May 6, 1899. Affirmed.

*C. S. Crawford*, for plaintiff in error.

*Stambaugh & Hurd*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This case comes here from the court of appeals because one of the judges of that court was

disqualified to sit and the remaining judges were divided in opinion as to the disposition of the case.

From the record, it appears that Americus V. Jewett brought an action upon a promissory note against John F. Baxter, as principal, and Malott & Co., as indorsers, and recovered a judgment against Malott & Co. for $1044.65. The defense of Malott & Co. was that the petition contained no allegation of demand for payment or notice of non-payment and protest, and no reason or excuse why payment was not demanded and protest made. They took the case to the court of appeals, and that court held their defense to be good and that the petition of Jewett did not state facts sufficient to constitute a cause of action. (*Malott v. Jewett*, 1 Kan. App. 14, 41 Pac. 674.) When the case was remanded to the district court the plaintiff filed an amended petition, in which he asked judgment for $1000, and which set forth certain preliminary facts and circumstances upon which he claimed that a cause of action upon a trust arose in favor of the plaintiff and against the defendants. The defendants who constituted the partnership of Malott & Co. moved the court for an order to strike the amended petition from the files because it was not in furtherance of justice and that it substantially changed the plaintiff's claim. The motion was sustained, and the amended petition stricken from the files. Of this ruling the plaintiff complains.

We cannot say that the ruling was erroneous. While the courts are and should be liberal in permitting parties to amend their pleadings, they are not warranted in allowing amendments which substantially change the claim or defense previously relied on. (Gen. Stat. 1897, ch. 95, § 139; Gen. Stat. 1889, ¶ 4222.) The court of appeals correctly viewed the original petition

as an attempt to recover on a promissory note, and, the averments being insufficient to show a liability against the indorsers, it would have been proper to have allowed an amendment alleging a demand of payment, notice of non-payment and protest, or a reason why payment was not demanded and protest made, or to have made any other amendment germane to the original petition. Instead of that, the plaintiff undertook to introduce a new and distinct cause of action. While some of the facts stated are common to both petitions, the amended petition was a wide departure from the first. It not only changed the form of the action, but the nature of it as well. The original petition was based on an unconditional written promise to pay money, while the amended petition was based on an implied trust alleged to have grown out of a series of transactions running through a period of years.

The court is vested with considerable discretion in the matter of allowing amendments, and its ruling in granting or refusing leave to amend will not be disturbed unless there appears to have been a palpable abuse of discretion under all the circumstances. In view of the change in the form and character of the action by the proposed amendment and of the time and circumstances under which it was made, we think the court was justified in its ruling, and the same is hereby affirmed.