CASE 105—ACTION BY NORA MALONE'S COMMITTEE AGAINST LEWIS
LEBUS TO RECOVER AN ANNUITY IN LAND CLAIMED TO BE DUE
HIS WARD.—DEC. 4.

# Malone's Committee v. Lebus.

### APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

GIFTS—DELIVERY—ACCEPTANCE—VENDOR AND PURCHASER—RECORDED
LIENS.

Held:  1. Where a deed recited that part of the consideration was a
note, with interest payable annually, for the use of a certain
person, during her life, there was a valid gift of the interest,
though the note was not delivered to the donee.

2. Where the donee of a gift *inter vivos* is of unsound mind, the
law will presume an acceptance.

3. Where a recorded deed showed that part of the consideration
was a note, the interest on which was payable for the use of a
certain person during her life, and a lien was reserved as se-
curity for the note, a subsequent purchaser was bound in the
same manner as the first purchaser.

D. BRADLEY SHAWHAN, ATTORNEY FOR APPELLANT.

On April 30, 1872, Caleb Jones, an uncle of the ward of ap-
pellant, Nora Malone, in order to secure her an annuity for
life, did, by a deed of conveyance of a small lot in Cynthiana,
Kentucky, reserve to her such an annuity of eighteen dollars,
payable as the interest on the balance of purchase money un-
paid which interest by the terms of the deed was made pay-
able for the first time on June 1, 1873, and on said date an-
nually thereafter.

By a series of subsequent conveyances, the appellee, Lewis Le-
bus, became the purchaser of said lot, none of the interest and
no part of this annuity has ever been paid, the beneficiary being
still alive, the principal is not due.  Nora Malone, the bene-
ficiary under said deed, was then and has ever since been a
mute and wholly without mind, and has been so adjudged.
These facts all having been set out in the petition, a demur-
rer was sustained thereto by the lower court from which rul-
ing this appeal is prosecuted.

Malone's Committee v. Lebus.

We claim the court erred:

1. Because Nora Malone was *given* the property to which she asks the court to restore her.

3. She was deprived of it through no fault of hers, and evidence of it lost apparently through fraud of others.

3. Time can not run, so as to bar her right on account of the alleged continuing disabilitiy.

4. If time should run, it can only become operative as a bar to so much of it as was due more than fifteen years before action was instituted for its recovery.

5. Because it is an action to enforce performance of an undertaking in writing and as evidenced by deed of record and constituting notice to defendant, which he should be estopped to deny.

6. Because no part of the said interest has ever been paid her since said date, June 1, 1873.

7. Because note is not yet due, and she should be entitled to have her rights thereunder restored to her and secured by lien as originally contemplated.

## AUTHORITIES CITED.

Civil Code, Ky., secs. 35, 93; Kentucky Statutes, secs. 2514, 2525; Jones on Liens, vol. 2, secs. 1094, 1098, 1083, 1084; Pomeroy's Equity Jurisprudence, vol. 1, sec. 112, vol. 2, secs, 591, 688, 692; Maupin Marketable Title to Real Estate, p. 240, sec. 104; Tiedeman on Real Property, sec. 271; Rankin v. Turney, 2 Bush, 555; Boar v. Jolly, 5 Bush, 86; Chiles v. Drake, 2 Met., 146; Davenport v. Prewitt's Admr., 9 B. Mon., 96; Mize v. Barnes, 78 Ky., 506; Powell's Admr., v. Minor and Dixon, 11 Ky. Law Rep., 286; Pritchard v. Warner's Assignee, 4 Ky. Law Rep., 349; Honores Exor. v. Bakewell, 6 B. Mon., 67; Tiernan v. Thurman, 14 B. Mon., 224; Pryse v. McGuire, 81 Ky., 608; Johnson v. Gwathmey, 4 Littell, 319; Thornton, etc. v. Knox's Exor., 6 B. Mon., 74; Woodward v. Woodward, etc., 7 B. Mon., 116; Cardova v. Hood, U. S. Supreme Court Reports, book 21, L. ed., foot p. 588.

LAFFERTY & KING, ATTORNEYS FOR APPELLEE.

1. The plaintiff sues on a note but didn't file it, and we claim it is shown to have been paid in the conveyance made July 1, 1873, by Caleb Jones' vendee, Whitaker to Curry, which deed shows it was a part of that consideration surrendered and cancelled; and when appellant filed that deed, he filed a receipt against the note.

2. It is not shown that the note was ever delivered to her or to any one for her, nor was there any consideration for it.

3. When Jones surrendered the $300 land note signed by Whitaker, and it was cancelled, such delivery vitiated the lien, and when appellee examined the title to the property when he bought it in 1898, and found this old note was executed in 1872, cancelled in 1873, of record, he was secure against any lien for same upon the land.

4. The statute bars this note and if fraud existed as alleged, that plea can not now be raised after thirty years.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 2519; Lewis, &c., v. Carr, &c., 5 Ky. Law Rep., p. 429; Phillips, &c. v. Shipp, &c., 5 Ky. Law Rep., p. 460; Barclay, &c. v. Goodloe, Exor., 5 Ky. Law Rep., p. 936; Brown v. Brown, 12 Ky. Law Rep., p. 280; Dorsey, &c. v. Phillips, &c., 13 Ky. Law Rep., p. 405; King v. Graham, 13 Ky. Law Rep., p. 488; Kentucky Statutes, sec. 2358; Lawson v. Biller, 10 Ky. Law Rep., p. 80; Collins v. Shinkle, 11 Ky. Law Rep., p. 365; Wilson v. Scott, 11 Ky. Law Rep., p. 370, Wilson v. Scott, 13 Ky. Law Rep., p. 926.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 30th day of April, 1872, Caleb Jones and wife conveyed by general warranty deed to Munroe D. Whitaker a small tract of land in the town of Cynthiana. The consideration therefor recited in the deed is as follows: "The said party of the first part for and in consideration of the sum of $350.00, of which $50.00 is in hand paid, and a promissory note for $300.00 with interest at six per cent. per annum, payable annually from the first day of June, 1872, for the use of Nora Malone during her life, and at her death to Caleb Jones, but should she die within four years from this date the principal is not to be paid until the end of that time." And a lien was reserved on the lot as security for the payment of the $300 note. On the 1st day of July, 1873, Munroe D. Whitaker and wife sold and conveyed this tract

of land to James R. Curry by general warranty deed for the
recited consideration of $50 cash, and the surrender of Whit-
aker's note to Caleb Jones for $300, dated June 1, 1872.  On
the same day Curry and wife sold and conveyed the land by
general warranty deed to J. A. Fennell for the recited con-
sideration of $350, $50 of which was paid in cash, and three
notes, of $100 each, payable to Caleb Jones in one, two, and
five years, respectively, with interest from date, executed for
the remainder; a lien being reserved to secure the payment
of the unpaid purchase money.   On the 9th of March, 1887,
N. B. Wilson, as executor of A. Fennell, and Mrs. Mary Fen-
nell, sold and conveyed this tract of land to L. F. Struve for
the recited consideration  of $2,300, of which $1,150 was paid
in cash, and for the balance of the purchase money a note was
executed, due one day after date, and a lien retained to secure
its payment.   The deed contains no reference to the lien for
$300 recited in the deed from Caleb Jones and wife to Mun-
roe D. Whitaker.   By a series of subsequent conveyances the
appellee, Lewis Lebus, became the purchaser of this tract of
land.   On the 12th of July 1902, the appellant, P. P. Wyles,
as committee for Nora Malone, brought this action in the
Harrison circuit court, in which he alleged that Nora Malone
had been from her birth a deaf mute, wholly without mind,
dependant upon the charity of her uncle Caleb Jones for
her support and maintenance; that on the 17th day of August,
1898, she had been adjudged by the Harrison county court,
on the verdict of a jury, to be an imbecile and of unsound
mind; and that he had been duly appointed her committee,
and accepted the trust.   He also set out the various convey-
ances of the lot conveyed by Caleb Jones and wife to Whit-
aker in April, 1872, and alleged that none of the installments
of interest on the $300 note for which a lien was reserved
in the conveyance of Jones and wife to Whitaker had been

paid to Nora, or to any one for her use and benefit, and prayed that the deed to the appellee, Lewis Lebus, the last vendee of the tract of land, should be corrected so as to set out the reservation in her favor contained in the deed from Jones to Whitaker, and for a judgment for $18, the interest as of the 1st day of June, of each year from 1873 to 1902, inclusive, with interest from their respective dates until paid. The defendant, Lebus, filed a general demurrer to the original and amended petitions, which was sustained, and plaintiff's petition dismissed, and he has appealed.

It is contended for appellee that as plaintiff failed to allege that the $300 note was delivered to Nora Malone, or to any one for her use and benefit, or that Caleb Jones himself held it for her benefit, it was not a valid or enforceable gift, and that when the donor, Jones, surrendered this note, and accepted in lieu thereof three notes, of $100 each, in which no interest was reserved for Nora Malone, all claim for interest on the $300 note which she might have had terminated.    It is also contended that the plaintiff's claim, if it ever existed, is barred by the lapse of time and the statute of limitations.

To constitute a valid gift inter vivos of personal property, the gift must be voluntary, gratuitous, and absolute, and take effect at once, and ordinarily must be accompanied by a delivery of the thing to the donee, or to some one for her use and benefit.    But this is not always required.    As said by this court in Williamson v. Yeager, 91 Ky., 286, 13 R., 273, 15 S. W., 661, 34 Am. St. Rep., 184: "If one delivers possession of personal property to a trustee to hold as a gift for the donee, it is a valid gift; and if he expressly says, or does acts amounting to the same thing, that he constitutes himself a trustee to hold the property for the donee, we perceive no reason why this should not be as valid and binding as a delivery

of the property to a third person to be held for the donee."
And in Krankel's Executrix v. Krankel's Executor, etc.,
104 Ky., 745; 20 R., 901; 47 S. W., 1084, it was said: "The
general doctrine is well settled that a completed parol vol-
untary trust is enforceable, and, in order to render such a
trust valid and enforceable, the donor need not use any techni-
cal words or language in express terms creating or declaring
the trust, but must employ language which shows an un-
equivocal intention on his part to create or declare a trust in
himself for the donor." The reservation in the deed from
Jones to Whitaker of the interest on the $300 note for the use
of Nora Malone during her life is unequivocal, and sufficiently
explicit to create a valid gift thereof to the beneficiary, Nora
Malone; and, having been once made, it was beyond the power
of Jones to thereafter revoke it without the consent of the
donee. The note was not by its express terms to mature
during the life of Nora Malone, and at her death it provided
that the principal was to be paid to the donor. It was there-
fore natural and proper that he should have retained its
possession. Besides, if as alleged, Nora Malone was an im-
becile or a person of unsound mind at the date of the gift,
no acceptance thereof by her was essential to render it valid,
as the law will presume an acceptance on her part. See
Pennington v. Lawson (23 R., 1340), 65 S. W., 120, and Bun-
nell v. Bunnell (23 R., 800-1101), 64 S. W., 420. A purchaser
of real property must look to the records for evidence of title,
and when it is there shown to be incumbered with liens in favor
of a third person, he is presumed to have purchased with such
knowledge and subject to such conditions, and himself be-
comes a trustee for the beneficiary with respect to the prop-
erty, and is bound in the same manner as the original trus-
tee from whom he purchased. See Jones on Liens, secs.
1083, 1084, 2 Pomeroy's Eq. Jur., sections 581, 688; and

Johnston v. Gwathmey, 14 Ky., 317, 14 Am. Dec., 135.   Nor is appellee's contention that appellant's claim is stale and barred by the statute of limitations maintainable—at least in so far as her claim to the annually accruing interest is not within the statute.

For reasons indicated, the judgment is reversed and cause remanded, with instructions to overrule the demurrer, and for further proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.