## Lafferty v. Jones, et al.

(Decided May 23, 1911.)

### Appeal from Harrison Circuit Court.

Subrogation—If A. is obliged to satisfy a demand asserted against him by B., he cannot look to C. for re-imbursement unless B. could have done so.

HANSON PETERSON for appellant.

DANIEL DURBIN and HARRY BAILEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1872 Caleb Jones conveyed to Monroe Whittaker a parcel of land in Harrison county in consideration of $350.00, fifty dollars of which was paid in cash and for the remainder a note for $300.00 was executed, bearing six per cent. interest from date. By the terms of the conveyance the interest on this note was to be paid to Norah Malone, a feeble-minded person, during her life, and a lien was retained in the deed to secure the payment of the note as well as the interest to Norah Malone. A short time after this conveyance was made, Whittaker sold the land to James R. Curry for Fifty Dollars in cash and the surrender of the $300.00 note he had executed to Jones; and on the same day Curry sold the land to Finnell for

$350.00, fifty dollars of which was paid in cash and three notes of one hundred dollars each were executed by Finnell to Jones for the remainder of the purchase money. After this, through several conveyances the land came into the possession of Lafferty, who conveyed it with covenant of warranty to Lebus. While Lebus was the owner of it, the committee for Norah Malone brought suit against him to recover the interest reserved for her benefit in the conveyance made by Jones to Whittaker, and recovered judgment for the full amount of tne interest— none of which had been paid. See Malone v. Lebus, 116 Ky., 975. Thereupon Lebus brought suit against Lafferty on his warranty and recovered from Lafferty the amount he had been obliged to pay to the committee of Norah Malone. Lafferty then instituted this action against the heirs of Caleb Jones, seeking to recover from them the amount he had been obliged to pay Lebus. The petition proceeds upon the theory that as Norah Malone had a claim for the interest against Caleb Jones, which was satisfied by Lebus who in turn required him to pay it, he was entitled to be subrogated to her rights against Jones. The lower court sustained a general demurrer to the petition and Lafferty appeals.

The difficulty with the case for Lafferty is that Norah Malone had no demand against Jones to which he could be subrogated. Jones had not agreed to pay her anything. When Whittaker bought the land it was charged with a lien for her use and benefit, and to this land alone she could look for payment of the interest, unless it was collected by some one else and then of course she might have recovered it from the person who collected it, upon the ground that it was collected and received for her benefit. But as no person had collected the interest, she sought to subject the land in the possession of Lebus to its payment, and succeeded because the lien in her favor had not been released by any one having authority to release it. When Lebus paid this interest to the committee, he had no remedy against any person except those who had conveyed the land with covenant of warranty in the chain of title under which he took it. He could not look to Jones for indemnity as there was no warranty on the part of Jones to protect Norah Malone in the payment of the interest. As Lebus could not look to Jones, neither can Lafferty who paid Lebus. Lafferty's remedy rests on the same basis as that of Lebus, and is against some person who warranted to him the title. But, it is said that when

Jones surrender to Whittaker the three hundred dollar note and took from Finnell other notes in lieu thereof, in which no interest was reserved for the use of Norah Malone, he thereby converted to his own use the property of Norah Malone, and therefore was primarily liable to her for the amount so converted. But Jones did not convert to his own use any property owned by or in which Norah Malone had an interest. The only property of Norah Malone that he could have converted was the interest, and this he did not convert. The persons who took the land charged with the payment of this interest are the only ones to whom Norah Malone could look for its payment. At no time was Jones under any obligation to pay Norah Malone any interest. Norah Malone had no enforcible demand against Jones. Her remedy was against the land alone. As she had no enforcible claim against Jones, it is manifest that Lafferty could not through her be substituted to a demand against him.

Wherefore the judgment of the lower court is affirmed.