LOUIS H. POHL, *Appellant,* v. JOHN A. FULTON *et al.* (CATHERINE M. FULTON, *as Guardian, etc., Appellee*).

No. 17,259.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment after Verdict.* Where, without undue advantage being taken, the issues presented by the pleadings are substantially enlarged at the trial and as enlarged are fully tried and duly submitted to the jury, it is not prejudicial error to permit the pleadings to be amended after verdict to conform to the proof.

2. GIFT—*Acceptance—Feeble-minded Donee.* The law presumes the acceptance of a beneficial gift by one who, because of his feebleness of mind, is incapable of accepting it.

3. ——— *Delivery—Donor as Trustee.* The requirement of delivery is satisfied by the donor, who retains possession, constituting himself a trustee of the gift for the benefit of the donee.

4. ——— *Evidence.* The evidence considered and held sufficient to show a completed gift.

Appeal from Brown district court. Opinion filed December 9, 1911. Affirmed.

*S. L. Ryan,* and *Means & Archer,* for the appellant.

*S. M. Brewster,* and *Sample F. Newlon,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, Louis H. Pohl, brought suit to recover on a promissory note, and to foreclose a real-estate mortgage securing the note, given by John A. Fulton to the plaintiff's deceased wife, Belle B. Pohl, who was formerly the wife of Luther J. Stimple. The note was a renewal of a former note given by Fulton to I. B. Stimple (Belle B. Stimple) while she was a widow. The Stimples had an imbecile son, Hiram Stimple, whose guardian defended the action on the ground that the note and mortgage belonged to him. The plaintiff was defeated and appeals.

In his petition the plaintiff claimed title to the instruments sued on as an innocent purchaser for value. At the trial this position was practically abandoned and the court instructed the jury that the plaintiff might recover on two other theories of ownership—first, by gift from his wife, for the entire amount, and second, as her heir under the statute of descents and distributions, for one-half of the amount claimed. The plaintiff asked a further instruction to the effect that possession of the note and the exercise of rights of ownership over it would be sufficient to raise a pre-

Pohl v. Fulton.

sumption of ownership in him. The answer pleaded ownership of the money which was loaned in Hiram Stimple, through inheritance from his father's estate. The evidence failed to sustain this position, there being nothing left of Luther J. Stimple's estate for his son after his debts and his widow's dower were paid. The evidence did show, however, that Belle B. Stimple received the money from the estate of her husband, as administered under the laws of the state of Arkansas, where he died, and that she made a gift of the amount loaned to her son, taking the paper in her own name for him. The jury were instructed that if they found that the original consideration for the note belonged to Hiram J. Stimple their verdict should be for his guardian. After the verdict for the guardian was returned, leave was granted to amend the answer to conform to the proof, and this action of the court is assigned as error.

The real issue in the case was the ownership of the note, and this issue was not substantially affected by the amendment. Conceding, however, that the issue made by the pleadings was substantially changed, each party went beyond the specific derivation of title stated in his pleading, the whole history of the paper was opened and fully investigated, the true facts were established, the verdict conformed to the facts, and the amendment was a mere matter of form to make the record consistent. In all such cases where, without surprise or undue advantage being taken, the issues are enlarged, and as enlarged are fully tried and duly submitted to the jury, amendments to conform to the proof should be allowed as a matter of course, either before or after verdict. (See *Bear v. Cutler,* post.)

It is said that the evidence was insufficient to establish a gift of the money to Hiram Stimple from his mother.

The evidence disclosed that before her marriage to the plaintiff, and in contemplation of that change in

Pohl v. Fulton.

her affairs, Belle B. Stimple determined to make provision for her imbecile son. She said that in reality the money received from Arkansas belonged to him, that she wanted it to go to him, and that she wanted the matter fixed up so that he would be secure. Therefore she sent for two of her brothers, and with them, at her father's home, in the presence of her father and sister, she undertook to carry out her purpose. She said the money belonged to her son and that she wanted it loaned in his interest so that he would get the benefit of it. The result was that John A. Fulton, one of the brothers, took $1000 of the money for which he gave the note which preceded the one sued on. The other brother borrowed $300 at the same time, for which he gave his note. A question arose as to whom John A. Fulton should give his note. A consultation was held, and because the imbecile had no guardian, and because the father of Belle B. Stimple and the Fulton brothers was getting old, it was decided that the note should be given to Belle B. Stimple herself. Afterwards the money was always spoken of as belonging to Hiram Stimple, and was understood to belong to him. The interest was spoken of and regarded as paid on his money. The note was renewed so that there would be no question, and Mrs. Stimple said she told Pohl that the money belonged to her son. After his wife's death Pohl admitted that her son had "an interest" in the note.

The only questions raised respecting the validity of this gift are those of delivery and acceptance, and the familiar cases upon those subjects are cited.

The law presumes the acceptance of a beneficial gift to one who is mentally incapable of accepting it (*Malone's Committee v. Lebus,* 116 Ky. 975, 77 S. W. 180) and the requirement of delivery is satisfied by the donor creating himself a trustee of the gift for the benefit of the donee (*Abegg v. Hirst,* 144 Iowa, 196, 199, 122 N. W. 838; *Yokem v. Hicks,* 93 Ill. App. 667;

2—86 KAN.

*Malone's Committee v. Lebus,* 116 Ky. 975, 77 S. W. 180; *Krankel's Ex'x v. Krankel, by, etc.,* 104 Ky. 745, 47 S. W. 1084; *Barkley, &c. v. Lane's ex'r, &c.,* 69 Ky. 587; *Cox v. Sprigg & wife et al.,* 6 Md. 274, 284; *Love v. Francis,* 63 Mich. 181, 29 N. W. 843; *Mize v. Bates Co. Nat. Bank,* 60 Mo. App. 358; *Martin v. Funk et al.,* 75 N. Y. 134; *Fulton v. Fulton,* [N. Y. Supr. Ct.] 48 Barb. 581; *Gadsden v. Whaley,* 14 S. C. 210).

In the case of *Williamson v. Yager, &c.,* 91 Ky. 282, 15 S. W. 660, the payee of certain promissory notes assigned them, by written endorsements on the notes, and declared that she held them for the assignees. Afterwards, with the consent of all parties, the assignments were erased to allow the assignor to sue, for the benefit of the assignees, and after judgment was obtained it was regarded as belonging to the assignees. The notes were retained in the possession of the assignor, and treating the assignments as without consideration, it was held that the gifts were complete and effectual. The court said:

"If one delivers possession of personal property to a trustee to hold as a gift for the donee, it is certainly a valid gift, and if he expressly says, or does acts amounting to the same thing, that he constitutes himself a trustee to hold the property for the donee, we perceive no reason why this should not be as valid and binding as a delivery of the property to a third person, to be held in trust for the donee." (p. 286.)

In the case of *Barnhouse v. Dewey,* 83 Kan. 12, 109 Pac. 1081, the syllabus reads:

"Where a donor decides to give to another a certificate of shares in a building and loan association and to make the payments thereon for the donee until maturity, and causes such certificate to be issued in the name of the donee, retaining possession thereof himself, and makes the subsequent payments thereon in the name of the donee, but at all times regards the certificate as the property of the donee and his possession as that of a trustee for such donee, the delivery to himself as trustee of the donee will be held sufficient to complete the gift." (Syl. ¶ 2.)

In view of the origin and character of the property,. the situation of Belle B. Stimple, her relationship to Hiram Stimple, his situation and mental condition, the purpose she had in view and her statements and con-' duct, the court has no hesitation in holding that a completed gift was fully proved.

The judgment of the district court is affirmed.