W. S. BEAR, *Appellee*, v. FRANK M. CUTLER *et al.*
(J. T. KENYON, *Appellant*).

No. 17,276.

SYLLABUS BY THE COURT.

1. EJECTMENT—*Purchaser at Foreclosure Sale—Title.*  In 1887 the owner of a vacant and unoccupied quarter section of land mortgaged it and shortly thereafter conveyed to a grantor of the defendant.  In 1891 the land was sold under foreclosure to a grantor of the plaintiff, neither the mortgagor nor the owner being a party to the foreclosure.  The plaintiff and his grantors purchased in good faith for a valuable consideration, and paid all the taxes after the foreclosure.  The plaintiff had a portion of the land broken and a crop was put in, a portion of which he was to receive, but the crop failed. He permitted another portion of the land to be fenced and used for a pasture, and while the owner of the fence was still using the pasture with consent of the plaintiff the defendant went upon the land, plowed and planted the broken portion

Bear v. Cutler.

and ran a few furrows around the quarter section, the object being to gain possession. No payment or offer to pay any part of the mortgage debt was made. *Held*, that the plaintiff could maintain ejectment.

2. ——— *Reply—New Issues—Not Prejudicial.* In an action in ejectment the plaintiff, over objection, was permitted to file a reply setting up a cause of action to quiet title. *Held*, that such amendment was improperly permitted and substantially changed the claim of plaintiff, but as the matters in controversy were fully litigated and the judgment rendered ignored such amended reply the defendant was not substantially prejudiced thereby.

Appeal from Scott district court. Opinion filed December 9, 1911. Affirmed.

*R. D. Armstrong,* for the appellant.

*J. D. Frazier,* for the appellee.

The opinion of the court was delivered by

WEST, J.: In 1887 the owner of the quarter section of land in controversy, which was then vacant and unoccupied, mortgaged it for $350, and twenty-six days thereafter conveyed to the grantor of the defendants. In 1891 the land was sold under foreclosure to one Lincoln, who shortly thereafter conveyed to McReynolds, who in December, 1905, conveyed to the plaintiff. No part of the mortgage has ever been paid by the mortgagor or fee owner of the land, and all taxes since the foreclosure sale have been paid by the plaintiff or his grantors. In 1906 the plaintiff had 40 acres of the land broken, and an adjoining owner put in a crop on an agreement that plaintiff was to have one-third thereof, but nothing was raised. About 60 acres of the land was fenced for pasture by the adjoining owner, who sold his farm in 1908 and turned over to his grantee the fence surrounding this pasture, but the same was allowed to remain on plaintiff's land, the grantee being authorized by the plaintiff to use the land, who pastured the portion enclosed through the season of

1909. In the spring of 1909 the defendants went upon the land, and having failed in an attempt to lease the same to the owner of the fence, requested him to remove the fence, and proceeded to cultivate and use the land theretofore broken, also plowing a furrow or two around the quarter, the object of the entire proceeding being to gain possession. At that time a portion of the fence had been taken down and it appears that its owner was intending to enlarge the pasture. In August, 1909, the plaintiff brought an action to recover possession of the land, filing the ordinary statutory form of petition. The answer was a general denial and admission of possession under claim of ownership. The reply was an assertion that the defendants' possession was unlawfully taken and wrongfully held. The plaintiff afterwards filed an amended petition setting up in detail the facts claimed to entitle him to relief, to which the original answer was refiled.

At the trial the plaintiff, over objection, was permitted to file an amended reply setting out in detail the claims of the plaintiff and the supposed claims of the defendants and praying for a decree quieting title. At the conclusion of the trial by the court judgment was rendered for the plaintiff for possession of the land and for costs, but no decree was entered quieting title.

The defendant appeals and assigns as error the permission to file the amended reply and rendering judgment for the plaintiff instead of the defendants. We have examined the evidence and find that the trial court was warranted in holding for the plaintiff on the question of possession. While no mention was made in the pleadings or upon the trial of the proposition that the plaintiff occupied the position of a mortgagee in possession, the point is suggested in the brief, and it appears that although the mortgagor or fee owner of the land was not made a party to the foreclosure suit, still the purchaser at the sheriff's sale and his grantees bought in good faith and paid a valuable con-

Bear v. Cutler.

sideration and paid the taxes, and no part of the mort-gage has been paid or offered to be paid by the fee owner. For about three years the plaintiff was in possession of the land by tenant and improved a portion thereof, and was claiming and exercising ownership when the defendants went upon the land. While it might have been proper for the plaintiff to have brought suit to compel the defendants to redeem, still having sued in ejectment and the defendants having asserted possession and ownership without any offer to pay or redeem, the matter resolved itself into one as to which party had the better title, and the finding of the court in favor of the plaintiff had sufficient support in the evidence to sustain it.

The amended reply changed the nature of the action from ejectment to quiet title and should not have been permitted to be filed, but as the judgment appears to have been rendered on the amended petition and not on the amended reply, and the controversy was fully litigated, the judgment should not be reversed unless substantial prejudice resulted.

Section 140 of the civil code permits the amendment of pleadings in furtherance of justice "when such amendment does not change substantially the claim or defense." The amended petition alleged with some detail the nature of the plaintiff's title and right of possession and specifically charged that the defendants had unlawfully and forcibly taken possession of part of the land and continued to hold the same. The amended reply set up these facts with still more detail, and also the alleged ground of the defendants' claim, and charged that the plaintiff had paid all the taxes and charges ever since the land had been taxable, and had been in the constructive possession of the same, and that he and his grantors had been in possession for more than fifteen years, claiming ownership and paying taxes. There was no charge of possession on part of defendants but a prayer that they might be forever barred

from setting up any claim to the land and the plaintiff's title be quieted. It appears, therefore, that the amendment left the pleadings in the condition that the amended petition stated a cause of action in ejectment and the amended reply a cause of action to quiet title. Had the plaintiff desired to change from the one position to the other he should have obtained leave again to amend his petition and thereby placed his pleadings in consistent instead of contradictory or inconsistent form.

A petition alleging possession and equitable title and that the defendant holds the legal title in trust for plaintiff, and praying for conveyance, may be amended so as to state an action to quiet title. (*Newell v. Newell,* 14 Kan. 202.) A petition for damages resulting from the purchase and sale of a horse for a particular purpose may be amended to show an express warranty. (*Culp v. Steere,* 47 Kan. 746, 28 Pac. 987.) A petition charging damages for personal injuries by the failure of a railroad company to perform its common-law duties may not be amended after the statute has run so as to charge statutory negligence of a fellow servant without being subject to the bar of the statute. (*A. T. & S. F. Rld. Co. v. Schroeder,* 56 Kan. 731, 44 Pac. 1093.)

An action upon a promissory note can not by amendment be changed to one upon a trust in favor of the plaintiff against the defendant, at least a refusal to permit such amendment is not error. (*Jewett v. Malott,* 60 Kan. 509, 57 Pac. 100.) An action for breach of an express agreement to furnish passes during the natural lives of plaintiff and wife can not by amendment be changed to one for damages for permanent appropriation of land. (*Railway Co. v. Henrie,* 63 Kan. 330, 65 Pac. 665.) At the close of the evidence in an action of tort it was proper to refuse an amendment changing to an action on contract, the evidence having tended to prove a right thereon. (*Ellis v. Fla-*

*herty,* 65 Kan. 621, 70 Pac. 586.)    A petition to quiet title may be amended before answer to one in eject-ment where no prejudice to the defendant results. (*Curtis v. Schmehr,* 69 Kan. 124, 76 Pac. 434.)    In an action before a justice of the peace a recovery was had for the value of corn injured and destroyed by trespassing cattle.   The bill of particulars alleged, among other things, that the defendants wantonly drove their cattle to graze upon the plaintiff's standing corn; also, facts sufficient for a statutory action for damages and lien under the herd law.   At the trial the statutory phase of the case was abandoned, as well as the willful  proposition, and the case proceeded as one for damages by cattle which were. permitted to trespass on the corn field.   No objection or motion to elect was made, and it was held that the substantial rights of the defendants were not impaired.    (*Hopkinson v. Conley,* 75 Kan. 65, 88 Pac. 549.)    A proceeding was begun as a suit to foreclose certain chattel mortgages, and was changed by amendment to an action in re-plevin for the same property.   No request was made for the imposition of terms and the trial did not take place until about three months after the amendment, and there was no showing that the defendants were unpre-pared to try the issue finally presented or that the trial resulted in any hardship or wrong.   It was held that while such amendment was not in the ordinary course of practice the substantial rights of defendants did not appear to have been affected; that the change contem-plated by the code does not refer to the form of remedy but to the general identity of the transaction.   (*Snider v. Windsor,* 77 Kan. 67, 93 Pac. 600.)

An action for damages for the negligent setting out of a fire can not, after the statute has run, be changed by amendment to one for damages caused by a differ-ent fire.   (*Railroad Co. v. Sweet,* 78 Kan. 243, 96 Pac. 657.)   In an action for damages for breach of contract to give plaintiff employment the petition set forth a

written contract, alleging that it was not in the possession of plaintiff. The answer set out a copy of the contract, which differed materially from the one described in the petition. The reply alleged that the copy set out in the answer did not contain all the terms of the contract and proceeded to state additional terms. It was held that the fact that formal reformation was not asked did not prevent the court from determining and enforcing the contract actually made; that plaintiff should have obtained leave to amend the petition and ask for reformation, but that the contentions were clearly stated and well understood under the pleadings as they were and the claims of both parties fully presented and tried; and no error was committed. (*Hornick v. U. P. Railroad Co.*, 85 Kan. 568, 118 Pac. 60.)

While the quoted section of the code is to be construed liberally and in furtherance of justice, and while it is always desirable to avoid multiplicity of suits and to settle in one action the whole subject matter of any controversy (*Flint v. Dulany*, 37 Kan. 332, 336, 15 Pac. 208), it is not proper to permit amendments which substantially change the claim or defense. But when, as in this case, the entire controversy is litigated and each party fully presents his side of it, and the proper judgment is rendered, no substantial harm is shown to have resulted.

Finding no material error the judgment is affirmed.