No. 18,850.

L. E. WAIT, *Appellee*, v. CLAY MCKIBBEN, *Appellant*.

SYLLABUS BY THE COURT.

1. PARTNERSHIP DISSOLUTION AGREEMENT—*Mistake—Fraud—
   Reformation—Amendment of Pleadings*. In an action to re-
   cover on a partnership dissolution agreement the defendant
   pleaded a mutual mistake by which a provision to turn over
   a mortgage on one of two tracts of land had been changed to
   one for turning over a mortgage on both tracts. The evidence
   showed and the jury found that the scrivener had made a mis-
   take in drawing the contract from the agreed draft furnished
   by the parties, and that when it was signed the plaintiff knew
   of the change but the defendant did not. The court had in-
   structed that in order for the plaintiff to recover a mutual
   mistake must be shown. The defendant asked leave to amend
   by alleging a mistake on his part and fraud on the part of the
   plaintiff. This was refused, and the court rendered judgment
   against the defendant on the findings notwithstanding the gen-
   eral verdict. *Held*, error.

2. SAME — *Amendment of Pleading to Conform to Proof — Not
   Essential to Judgment on Verdict*. The matter of amending
   to conform to the proof being discretionary the ruling in that
   respect will not be disturbed, but the difference between the
   allegations and the proof was technical rather than substan-
   tial, and the general verdict should have been allowed to stand
   regardless of any amendment.

Appeal from Ford district court; GORDON L. FINLEY,
judge. Opinion filed May 9, 1914. Reversed.

*B. F. Milton,* of Dodge City, for the appellant.

*C. M. Williams,* of Hutchinson, *Thomas A. Scates,*
and *Albert Watkins,* both of Dodge City, for the
appellee.

The opinion of the court was delivered by

WEST, J.: The parties agreed upon a dissolution of
their real estate partnership. They had sold or were
about to sell a half section and a quarter section of
land at a profit of $1900, and expected to take a mort-

Wait v. McKibben.

gage on one or both of the tracts, but it turned out that the half section was paid for in cash. The plaintiff dictated to their stenographer a draft of the agreement, which draft provided that the defendant was to turn and assign to the plaintiff an interest of $1900 in a mortgage on the half section or quarter section of land. This draft was given to an attorney to put in proper legal shape, but not to change its legal effect. In drawing the contract from this draft the attorney by mistake used the word "and" instead of "or," thereby making the contract provide that the mortgage was to cover both the half section and the quarter section. Upon his refusal to turn over a mortgage covering both tracts of land the plaintiff sued the defendant for the sum of $1900. The answer pleaded a mutual mistake. The verdict was for the defendant, and the jury found that the draft was given to the attorney to put into legal language; that he made the change from "or" to "and" by clerical mistake; that the defendant in executing the contract did not know of the change, but the plaintiff did; that the defendant had tendered a mortgage on the quarter section, which was refused; and that when the contract was signed both parties did not intend that the mortgage was to cover both tracts. The defendant asked leave to amend and allege a mistake on his part and fraud on the part of the plaintiff, the defendant having testified that before turning the draft over to the attorney he asked the plaintiff if that was their exact agreement, and was answered in the affirmative. The plaintiff moved for judgment on the special findings, and the court overruled the request for leave to amend and granted the plaintiff's motion, and rendered judgment against the defendant for $1970, with interest and costs. The defendant appeals, and urges that he should have been permitted to amend for the reason that the mistake of the scrivener was really the mutual mistake of the parties, and hence the findings were consistent with the general verdict. Also, that

under the allegations and proof and the prayer for general relief reformation of the contract should have been decreed. Further, that even if it was necessary to allege fraudulent concealment on the part of the plaintiff, a timely request so to amend was made and should have been granted.

The days of technicalities are past. The evidence and findings show clearly and conclusively that the contract signed was not the one agreed upon, and that the plaintiff executed the former with this knowledge while the defendant signed in ignorance of the change. The difference between an ordinary mutual mistake and the situation here presented is not such as to justify punishing the defendant and rewarding the plaintiff. Both may well be satisfied if required to abide by the agreement they actually made. The motion to amend was informal, but should have been treated as one to meet the requirements of section 140 of the civil code; but the general rule is that such matters must be left to the discretion of the trial court and the ruling need not be disturbed. (*Doty v. Shepard*, ante, p. 122, 139 Pac. 1183.) However, the court had the parties before it, the controversy had been fully litigated and the facts were made plain by the verdict and findings of the jury, and it was error to hold the defendant to a contract he had not in fact made, and give the plaintiff the benefit of a change known to but undisclosed by him. And in order to render the proper judgment no change in the pleadings was essential, the variance between the allegations of the answer and the proof being of form more than of substance. (*Hopkinson v. Conley*, 75 Kan. 65, 67, *et seq.*, 88 Pac. 549; *Sutter v. Harvester Co.*, 81 Kan. 452, 456, 106 Pac. 29; *Hornick v. U. P. Railroad Co.*, 85 Kan. 568, 571, 572, 118 Pac. 60; *Pohl v. Fulton*, 86 Kan. 14, 119 Pac. 716; *Malone v. Jones*, 91 Kan. 815, 139 Pac. 387.)

For a review of authorities see *Bear v. Cutler*, 86 Kan. 66, 119 Pac. 713. In *Hardy v. LaDow*, 72 Kan.

174, 83 Pac. 401, the allegation was that the contract was void for fraud and its cancellation was sought. The court decided that by mistake it had failed to express the real intention of the parties, and proceeded to reform and enforce it, and this was held proper. Here we have the converse. A mutual mistake was alleged and at least an inequitable advantage taken by one of the parties proved, and the court should have proceeded to reform and enforce the contract actually made. (*Sutton v. Risser,* 104 Iowa, 631, 636, 74 N. W. 23; *Town of Essex v. Day,* 52 Conn. 483, 1 Atl. 620; 4 Pomeroy's Equity Jurisprudence, 3d ed., § 1376.)

"Where reformation is sought on the ground of mutual *mistake* only, and it appears that the sale was as alleged in the complaint, and that the deed was accepted through a mistake on plaintiff's part, and the evidence received without objection also shows clearly and satisfactorily that the misdescription was inserted *either through mistake or fraud* on defendant's part, the deed should be reformed. (*James v. Cutler,* 54 Wis. 172, syl. ¶ 3, 10 N. W. 147.)

In the opinion last cited it was said:

"The evidence was all received without any objection that it was not admissible under the allegations of the complaint. The court was therefore at liberty to grant any relief asked for in the complaint, whether the plaintiff was entitled to such relief on the ground of mutual mistake or on the ground of mistake on the part of the respondent and fraud on the part of the appellant." (p. 179.)

It is suggested that as the defendant is by the judgment permitted to keep his mortgage, which is presumably worth its face, he loses nothing. But he has lost a case which he was entitled to win, and the costs incident thereto.

The judgment is reversed with directions to enter judgment on the general verdict, in favor of the defendant.