No. 29,350.

W. C. Clymer, *Appellee*, v. The Westchester Fire Insurance Company, *Appellant*.

(288 Pac. 536.)

Opinion filed June 7, 1930.

*H. O. Trinkle,* of Garden City, for the appellant.

*G. W. Sawyer,* of Liberal, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action on a hail insurance policy. The plaintiff recovered, and defendant has appealed. The principal point argued by appellant is the failure of plaintiff to furnish proof of loss.

Plaintiff owned 200 acres of growing wheat, which he insured in the defendant company against loss by hail. On June 19 the crop was damaged by hail. Plaintiff promptly sent notice of loss. On June 28 a duly authorized agent and adjuster of the defendant called at plaintiff's premises to adjust the loss. He and plaintiff signed an instrument called a "nonwaiver agreement" which recited, in substance, that the parties desired to determine, without delay, the percentage of loss; that it was mutually agreed that any action taken in ascertaining the percentage of loss should not waive any of the conditions of the policy or the application, nor invalidate any rights of either party; that it was agreed no representative of defendant had authority to waive or modify any of the conditions of the policy or application, and that the sole object and intent of the agreement was to provide for the determination of the percentage of loss and an investigation of the circumstances without regard to

the liability of the insurance company, and to preserve the rights of the parties. After inspecting the fields the adjuster thought the loss was 85 per cent. The parties finally agreed upon a 90 per cent loss, conditioned on plaintiff surrendering his policy to defendant. This was done, and the adjuster calculated the amount of money due plaintiff to be $1,440. Plaintiff thought he signed some other paper at the time, but the court construed the evidence as being insufficient to sustain a finding to that effect. On August 11 defendant sent written instructions and a questionnaire to plaintiff in which it made formal demands, under certain paragraphs of the policy, that certain information be furnished within five days of the receipt of the notice, and requesting plaintiff to be guided by the policy stipulation. Defendant knew plaintiff then had no policy to which he could refer, it having been taken up on June 28. Plaintiff promptly answered the questionnaire. No further request for information was made by the defendant.

Plaintiff in his petition alleged, among other things, that he had furnished proof of loss. Plaintiff apparently thought defendant had the proof of loss and that the same would be furnished at the trial with other papers which had been demanded. At the trial defendant's counsel stated he could not produce the proof of loss for the reason that none had been given. At the close of the evidence plaintiff, with leave of court, amended his petition to conform to the evidence by setting out the facts with respect to the taking up of the policy, determining the amount of the loss, answering the questionnaire, and other matters previously stated.

The trial court held that the nonwaiver agreement signed by plaintiff and the adjuster went only to the question of determining the percentage of loss; that in fact the agent and adjuster of defendant did more than that by agreeing on the actual amount of the loss on condition that the policy should be surrendered, which was done, and that the defendant, by the examination and agreement of its adjuster, and by the information contained in the questionnaire which it sent out, had received all the information which would have been contained in a formal proof of loss.

We see no objection to this holding. It was within the discretion of the trial court to permit plaintiff to amend his petition (R. S. 60-759; *Wait v. McKibben*, 92 Kan. 394, 140 Pac. 860). The court correctly construed the nonwaiver agreement as pertaining to the

ascertainment of the percentage of loss only. The agent and adjuster of defendant did more than that. As to what he did in excess of determining the percentage of loss, the nonwaiver agreement was noneffective. The evidence discloses that he thought it would be to the advantage of his company not to have a policy outstanding on which there might be a 10 or 15 per cent loss by another hailstorm, so he proposed to plaintiff to allow a 90 per cent loss if plaintiff would surrender his policy. Plaintiff agreed to that, and did surrender his policy. The amount due plaintiff on that basis was computed. This was a settlement of the loss and a cancellation of the policy. There was no further need of proof of loss. Appellant argues that there is no evidence that the insurance company agreed to this arrangement, but it seems quite clear that when the company received the report of its agent and adjuster it made no objection to this arrangement, and it did retain the policy and stamped or wrote on the nonwaiver agreement the words "policy canceled." There is no contention now that the formal proof of loss would have given defendant any information in addition to that which it had received. There is therefore no merit in the contention that the formal proof of loss was not furnished.

The judgment of the court below is affirmed.